FULTON COUNTY *v.* AMOROUS.

1. Where a statute requires jurors to be drawn separately for each week of the term, it contemplates that the jurors drawn for a given week shall be impaneled for the service of that week, and generally the practice of the court should conform to the scheme of the statute. But as all the jurors are drawn for the same term, the court may in its discretion, with the consent of the jurors concerned, excuse them from serving in the week for which they

were drawn and assign them for service in a succeeding week; and that this was done will not, in the absence of any suggestion of injury to the litigant, constitute cause for challenge to the array on the ground that a portion of the jurors in the panel were not drawn to serve for the week in which the panel was made up.

2. That some of the jurors drawn but not impaneled were excused by the court for causes not expressly provided for by statute, is not ground for challenge to the array.

3. One in possession of land under a bond for titles from the true owner, with purchase money partly paid, is the owner of the freehold relatively to all persons except the maker of the bond and those claiming under him. In case the premises are taken or damaged for public purposes, the possessor under the bond is entitled to full compensation; certainly so by showing affirmatively the acquiescence of his vendor in his claim, and this may be done by producing in evidence a conveyance from the latter, made pending the action and passing the absolute title in fee simple.

4. Where husband and wife live together on premises which belong to her, she is not bound or affected by the act of her husband in signing a petition for widening the public road in front of the premises, without evidence that she authorized or assented to his act or afterwards ratified it as her own.

5. An order of the commissioners of roads and revenues authorizing the widening of a public road and reciting " that notice of such widening had been published as required by law" furnishes no evidence by presumption or otherwise that persons, their overseers or agents, residing on the land through which such road goes, were notified in writing as the statute (Code, §606) requires.

6. If in fact a public road is widened under an order of the commissioners of roads and revenues authorizing it, a provision in the order that it should be done without expense to the county will not bar a claim for damages or an action therefor in behalf of a land-owner whose property was in fact taken and appropriated without his consent in carrying the order into effect.

7. Where the order for widening a public road authorizes that it be widened from twenty feet to thirty feet, if the county authorities actually add twenty feet to its width and the road is used by the public accordingly, and no steps are taken to reduce the width or to compensate for the damage done in the execution of the order, the land-owner is entitled to compensation for all the land actually taken and used, notwithstanding the quantity may be in excess of that contemplated by the order, it not appearing that the road as opened and used is wider than the public necessities require, or than the county authorities, under a proper order, might have made it.

8. The verdict was warranted by the evidence, and there was no
error in refusing a new trial.                 *Judgment affirmed.*

May 16, 1892.  By two Justices.

Jurors.  Practice.  Title.  Husband and wife.  County
matters.  Roads.  Before Judge WESTMORELAND.  City
court of Atlanta.  September term, 1891.

Amorous sued Fulton county for damages, alleging
that about August 20, 1890, he was the owner of a tract
of land, describing it, having a valuable frontage on a
public road, with a valuable dwelling-house on the land,
which had been erected with reference to this front, and
the front yard containing a magnificent growth of fine
shade-trees, the situation of the house and trees adding
much to the value of the property; that at the time
mentioned the defendant, through the district road com-
missioners, a force of county hands and others employed
and acting under county authority, began work in grad-
ing and widening the road along the entire front;
that the property was invaded and a number of large
shade-trees cut down and destroyed, mutilating the en-
tire front and marring its appearance; and that said
agents, servants and officials, proceeding to widen the
road, took plaintiff's property to a distance back of
twenty feet along the entire frontage, etc.  The declara-
tion also alleged demand for payment upon the county
commissioners, and their refusal to pay.

When the case was called for trial defendant, before
announcing ready and in response to the direction of the
court to strike, objected to striking and to the array, on
the following grounds : On the call of the *venire* forty-
four persons answered, all of them being regularly drawn
jurors of the term.  When excuses were called for, sev-
enteen stood up and were sworn.  Seven rendered legal
excuses, and were adjudged exempt and excused.  Ten
rendered business excuses, and the court declined to ex-
cuse them altogether, but stood them over to various

times during the term, to subserve their convenience and until their services would be needed. Twenty-seven of the regularly drawn jurors were retained, twenty-four of them to make out the two regular panels and three as talesmen to supply the places of three jurors in railroad service, who would disqualify in many railroad cases set for trial during the week. Of the twenty-four regularly impaneled, five had been drawn for the previous week and had been " stood over " for service during the week in question. Defendant alleged it was entitled to have the names of the jurors called in order, and excuses heard as each panel was being formed, and only legal excuses taken, which was not done; and that the excusing of any juror who had no legal excuse and postponing his period of service to a future date was illegal; and therefore moved the court to quash the array and grant defendant an array smmoned and sworn according to law. The motion was overruled. The court certifies that the practice complained of is of ancient usage in that court, and is imperatively necessary because of the number of courts and the severe drafts on citizens for jury service, and the multitude of exemptions, making it necessary to draw a much larger number than can be utilized in making up the two regular panels. Only regularly drawn jurors were put upon the litigants.

The plaintiff obtained a verdict for $350, and defendant's motion for a new trial was overruled. The motion contained the following grounds:

The court erred in admitting a bond for title from Mrs. Greene to plaintiff, dated July 2, 1890, and a deed from Mrs. Greene to plaintiff, dated July 2, 1891, the papers being offered together and each of them being for the property described in the declaration. The objections were, that these papers were at variance with the declaration which alleged title in plaintiff when the suit was filed on November 6, 1890, the papers separately or

together showing that there was no title or right of action in plaintiff at the commencement of the suit, that when the suit was instituted the title was in Mrs. Greene and the right of action, if any, was either in her or in her and plaintiff jointly, and a subsequently acquired title by plaintiff from her was inadmissible to sustain an action in favor of plaintiff, for injury to the freehold, commenced before he had paid for the property or acquired title thereto.

Error in charging: "If you believe from the evidence that the plaintiff was the owner and in possession of the land described in the declaration, and the defendant in the manner alleged took the strip described, or any part thereof, and appropriated same for public purposes, such as widening a road, the plaintiff would be entitled to recover on this branch of the case such sum as the evidence shows was the actual market value of the land so taken at the time it was taken." The error alleged as to this charge was, that it did not limit plaintiff's right to recover for injury to the freehold to an ownership and possession existing at the time of the injury or even at the commencement of the suit, but, on the contrary, was a positive instruction that any ownership and possession at any time by the plaintiff authorized a recovery by him of the defendant, provided the defendant, in the manner alleged in the declaration, took the strip described or any part thereof, and appropriated the same for public purposes, the evidence of plaintiff showing that at the time the injury was done to the freehold plaintiff was in possession only under a bond for title with over two thirds of the purchase price unpaid, and that the legal title was then in Mrs. Greene and did not pass out of her until the second day of July, 1891.

Error in refusing to charge as requested:

"If you believe from the evidence that E. H. Greene

resided on the land claimed to have been damaged, and was the agent or overseer of his wife, and that he had written notice of the application for the widening of the road, and consented to the widening, or his wife failed to put in a claim for damages, and at the time the road was widened the title to the property was in Mrs. Samantha M. Greene, she and those claiming under her would be estopped from claiming damages.

"If you believe from the evidence that the commissioners of roads and revenues in and for the county of Fulton, at the October term, 1889, of their court, passed an order in relation to this road, reciting in their order authorizing the widening of the road, that notice of such widening had been published as required by law, the presumption is that any notice required by law had been given, and, in the absence of proof to the contrary, such judgment is conclusive that due and legal notice had been given.

"If in the order of the commissioners of roads and revenues for Fulton county authorizing the widening of the road, it was granted with the proviso that there should be no expense to Fulton county for right of way or for opening up the same, the district commissioners would have no right to exceed their authority, and the county would not be liable for any damage caused by the district commissioners in exceeding their authority."

CANDLER & THOMSON, for plaintiff in error.
ARNOLD & ARNOLD, *contra*.