## ELLIS *v.* THE STATE.

1. While, as a general rule, persons who have been duly drawn and summoned and who are subject to serve as jurors should not be excused from service because of private business, yet where it appears that of the number of persons who are duly summoned to so appear and serve there is an excess of the number required by law for jury service, it is not cause for a new trial that the trial judge, for any reason satisfactory to himself, excuses one of the number not so required.
2. Under the assignments set out in the motion, it does not appear that the trial judge committed any error which would authorize the grant of a new trial ; and the evidence was amply sufficient to support the verdict.

Submitted October 22,— Decided November 5, 1901.

Indictment for incestuous adultery. Before Judge Littlejohn. Sumter superior court. May term, 1901.

*Blalock & Cobb,* for plaintiff in error.

*F. A. Hooper, solicitor-general,* contra.

LITTLE, J.　The plaintiff in error was by the grand jury of Sumter county indicted for the offense of incestuous adultery.　He was tried and convicted, and to the overruling of a motion for a new trial made by him he excepted.　It was contended by counsel for plaintiff in error, that the judge had no legal power to excuse from service a juror who had been drawn and summoned, on the ground that such service would interfere with the private business of the person so drawn; and that the failure of the trial judge to sustain the challenge to the array of jurors, made in this case by the defendant at the time of his arraignment, presents this question for determination.　An examination of the challenge shows, however, that this question is not raised by the challenge in such a way as that it can be passed upon by this court so as to have any binding effect.　The challenge recites the fact that R. L. McLeod and forty-seven other named persons were duly drawn and summoned as jurors for the third week of the May term of Sumter superior court; and it alleges that these persons were legally drawn and summoned, and were qualified to serve as jurors for that week.　It further alleges that the presiding judge excused R. L. McLeod, one of the persons drawn for service, on his application and because of the statement by him that he would suffer loss in his business if required to serve; which it is alleged was not a lawful excuse.　The defendant insisted, in said challenge, that McLeod should, under the law, have been empaneled and put on the defendant, and, because he was not, the panel which was put upon him was not a legal one.

Section 852 of the Penal Code, in effect, declares, that the names of the persons selected by the jury commissioners as prescribed by law shall be placed on separate tickets in the jury-box, and that the judge shall draw therefrom thirty-six names to serve as a petit jury for the trial of civil and criminal cases, and that they shall be summoned in the regular manner.　The succeeding section declares that from the number so drawn the judge shall have made up two panels of twelve jurors each.　Section 858 of the same code prescribes that when any person shall stand indicted for a felony, the court shall have empaneled forty-eight jurors, twenty-four of whom shall be taken from the two panels of the petit jurors, from which to select the jury; while the succeeding section gives the presiding

judge authority to draw from the box talesmen necessary to fill up the panel, or he may order a sufficient number of such to be summoned by the sheriff. So that, in the case of the trial of a felony, the forty-eight jurors who are put upon the accused shall consist of the two panels of jurors regularly organized by the court, and twenty-four jurors drawn from the box or summoned by the sheriff. The challenge in this case complained that there were forty-eight jurors summoned to appear at the court, and that the judge improperly excused one of this number. It does not appear from the words of the challenge that these forty-eight jurors were summoned for the purpose of organizing the two panels of petit or traverse jurors required in the organization of the court. But, if we assume that this was the purpose, and that the two panels prescribed by the statute were to be organized from this body of forty-eight, then twelve more were drawn than were necessary, as only thirty-six are by the statute required. So the number set out in the challenge exceeds that required by law, and practically twelve of the persons named had been unnecessarily drawn and summoned for the organization of the court. Certainly, if this was the case, no legal right of the defendant would have been infringed had the judge excused twelve of this number for any reason satisfactory to himself; and as he might have properly excused twelve, it could not have been improper to excuse one. Nor is it material which particular one or which particular twelve of the whole number were excused, under these circumstances; for, as to regularity in having been drawn and summoned, they were all on the same legal footing, and the defendant had no right to have the panels made up from any particular thirty-six persons of the number drawn. If, on the other hand, we are to treat the forty-eight names as of persons drawn to serve as talesmen, then the reply to the point made in the challenge is furnished by section 858, which requires that in the trial of a felony the jurors put upon the prisoner shall consist, first, of the two regular panels aggregating twenty-four, and twenty-four additional jurors; and if the forty-eight names mentioned in the challenge were drawn as tales jurors, twenty-four of them would not be needed to make up the panel of forty-eight to which the defendant was entitled on his trial, he being charged with the commission of a felony. Not being required, they could, of course, have been individually or collectively excused and discharged by the trial judge in his discretion.

So the question whether the presiding judge has the right to excuse a person lawfully summoned to serve as a juror, on account of his business, is not made; and, although presented and asked to be decided in the brief, a decision of that question in the present case would be obiter. Take everything stated in the challenge to be true, and it follows, from the provisions of the law to which we have referred, that, of the forty-eight jurors named in the challenge, either in the one case twelve, or in the other twenty-four, of this number were in excess of the number required by law; and under such circumstances the action of the trial judge in excluding twelve, or twenty-four, as the case might be, would be entirely proper. Therefore it can not be said, under the circumstances set out, that the judge, by excusing McLeod, infringed in any way upon the right of the defendant to have the full panel of jurors as drawn and summoned put on him at the trial. Necessarily the judge, in the organization of the court and in forming the panels of jurors, must be allowed a very wide discretion to meet existing conditions; and in passing upon the application of citizens drawn to serve on the jury, that discretion, in determining whether a particular person shall be excused for providential or other causes which stand upon the same footing, will not ordinarily be deemed to have been abused. We are free to say, however, that, in our opinion, the fact that the business of a particular person would be injuriously affected by his service does not come within any class of legal excuses. In the interest of the body of citizens, the public duty is by law placed upon each of those who have been selected to form in part the tribunal which, under our system, determines the property rights of litigants, and the personal liberty of persons charged with crime. As a rule, those who have been selected according to law to discharge the important functions of jurors should serve; and, as a general rule, it is the right of a party, in having his cause determined by a jury, to have that jury from a panel composed of the persons regularly drawn and summoned under the provisions of the statute, unless from necessity it is otherwise made up according to the statute. But the question whether or not a failure on the part of the trial judge to require one of such persons to serve on the jury, when no adequate reason has been presented why he should not do so, injuriously affects that right of a party, is not so made in this case that it may be specifically decided.

2. Several other grounds are set out in the motion for a new trial as affording reasons why the judge erred in refusing to grant the motion. None of these are, in our opinion, sufficient to authorize a reversal of the judgment overruling the motion. As set out therein, legal exceptions, under established rules, are not made to certain of the rulings complained of; and therefore they can not be considered, even if erroneous. Others, not subject to the same objection, are found not to have been erroneous. It is alleged in one of the grounds that the court erred in the manner in which a request to charge the jury was given; but under the note relating thereto, appended by the judge, the irregularity of reading the request and following it with a charge, without more, was not so material as to require the reversal of the judgment. Still other grounds of the motion were not certified to be true, and have not been considered. An examination of the brief of evidence in the case shows that there was evidence sufficient to sustain the conviction; and inasmuch as no error of law is made to appear, the judgment overruling the motion for a new trial is

> *Affirmed. All the Justices concurring.*