### 7111.   Benford *v.* The State.

Russell, C. J.   1. As a general rule, the trial judge may excuse jurors for any reason addressed to his sound discretion; but he can not excuse a member of a regularly drawn and summoned jury unless he has some legal excuse (*Judge* v. *State*, 8 *Ga.* 173; *Ellis* v. *State*, 114 *Ga.* 36,

39 S. E. 881); and excusing such a juror in a criminal case, over the timely objection of the defendant, may require the grant of a new trial. *Cunneen* v. *State*, 96 *Ga.* 406 (23 S. E. 412); *Cochran* v. *State*, 113 *Ga.* 736 (39 S. E. 337). Still, in the present case, under the recitals of the trial judge in his explanatory note, it does not appear that it was error to excuse the jurors in question, since it is not made to appear what reason was given to the judge, if any, why the jurors should not be excused. It can not be held that the presumption that the court had a legal reason for excusing the jurors was rebutted, or that the court did not in fact have a valid reason for excusing them, and therefore it can not be held that it was an abuse of discretion on the part of the trial court to excuse such jurors.

2. Where a party objects to a juror's being excused, it is incumbent upon him to show a reason why the juror should not be excused. The judge is not required to give his reason for excusing a juror.

3. It is a matter of discretion for a trial judge whether the panels of jurors required by law shall be filled by waiting for the return of jurors engaged in the trial of another case, or by summoning tales jurors.

4. The exception in the bill of exceptions to the overruling of the challenge to the array comes too late. No exceptions pendente lite were preserved, and the ruling upon a challenge to the array can not be brought into review by a motion for a new trial. Consequently the complaint as to the challenge can not be considered.

5. The evidence authorized the verdict, and it was not error to overrule the motion for a new trial.　　　　　*Judgment affirmed.*

DECIDED APRIL 24, 1916.

Accusation of misdemeanor; from city court of Dublin — Judge Hicks. November 15, 1915.

*H. B. Wimberly, J. S. Adams,* for plaintiff in error.

*S. P. New, solicitor,* contra.