## 23967. CRAWFORD v. THE STATE.

BROYLES, C. J. 1. In a criminal case where a challenge to the array of the panel of jurors put upon the accused is overruled, an exception to that judgment must be preserved by exceptions pendente lite, unless the bill of exceptions is certified within twenty days of the date of the judgment overruling the challenge. *Benford* v. *State*, 18 *Ga. App.* 14 (4) (88 S. E. 747); *Kelly* v. *Malone*, 5 *Ga. App.* 618 (63 S. E. 639). In the instant case the exception to the challenge to the array, contained in the bill of exceptions, was not preserved by exceptions pendente lite, and the bill of exceptions (complaining of the overruling of the defendant's motion for a new trial) was certified more than one hundred days from the date of the judgment upon the challenge. It follows that the exception to that judgment can not be considered by this court.

2. The several grounds of the motion for a new trial, complaining of the refusal of the court to give certain requested charges, raise no question for the consideration of this court, since it is not stated in any of the grounds that the request to charge was presented to the judge before the jury had retired to consider their verdict.

3. The testimony as to the manner in which the game of "clearing house" was operated was properly admitted, although the witnesses stated they had no actual experience but had obtained their information from others. *Sable* v. *State*, 48 *Ga. App.* 174 (172 S. E. 236). Under this ruling the court did not err in admitting the evidence set out in special grounds 5 and 7 of the motion for a new trial.

4. "Testimony as to other transactions disconnected with that with which the defendant stands charged in the indictment, in both time and circumstance, may be used to show motive, scheme, or plan, and indeed the very nature or animus of the defendant when necessary either to identify and fix the offense upon him, or indeed to disclose the intent with which the accused acted, if there be doubt as to 'the intent with which the crime was committed. It is true that under the rule the jury are to receive evidence of the commission of previous crimes only for the purposes specified, and not for the purpose of determining by this alone the guilt of the accused. In other words, the jury are forbidden, although they have this evidence of the character and nature of the defendant, to convict him 'upon general principles,' as that expression is sometimes used in general parlance." *Green* v. *State*, 172 *Ga.* 635, 640 (158 S. E. 285); *Frank* v. *State*, 141 *Ga.* 243 (80 S. E. 1016); *Williams* v. *State*, 152 *Ga.* 498 (110 S. E. 286). Under the foregoing ruling, the court did not err in admitting testimony as complained of in special grounds 6 and 8 of the motion for a new trial.

5. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JULY 9, 1934. REHEARING DENIED SEPTEMBER 19, 1934.

*Aaron Kravitch,* for plaintiff in error.
*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.