## SANFORD *v.* THE STATE.

No. 16063. ·MARCH 19, 1948.

*E. A. Wright* and *Joseph W. Love,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Webb, Solicitor-General, William T. Boyd, William Hall, Edward E. Dorsey,* and *John Sammons Bell, Assistant Attorneys-General,* contra.

HEAD, Justice. 1. Henry Thomas Sanford was convicted of the murder of Alonzo Willis, with a recommendation of mercy. His motion for new trial, as amended, was overruled by the trial court, and the exception here is to that ruling.

The evidence for the State showed: Some time during the afternoon before the homicide, the defendant and the deceased had an argument which terminated in the deceased hitting the defendant on the head with a milk bottle. About 9:30 or 10 o'clock that night the defendant returned to the home of the deceased. The deceased had made no hostile move toward the

defendant when the defendant shot the deceased with a shotgun, causing his death.

The defendant in his statement claimed that his wife is an invalid and at the time of the homicide he was on his way to a cafe to get food for her; he had armed himself with a shotgun to protect himself against the deceased. His statement in regard to the shooting was: "I seen him just before. he seen me and as he seen me he went to whirl and as he went to whirl I fired."

The jury was authorized to find from the evidence that the killing was without justification, and it was not error for the court to overrule the general grounds of the motion for new trial.

2. Ground 4 of the amended motion for new trial contends that the court erred in sustaining the objection of the State's counsel to a question propounded to the State's witness, Carrie Huff, on cross-examination. The question was: "Sanford has an invalid wife that can't get around or cook, is that right?" The answer was, "Well, yes." It is contended that if the witness had been permitted to answer the question fully, she would have answered it as follows: "That the wife of the defendant, Henry Thomas Sanford, was an invalid physically unable to do anything for herself, unable to dress or cook for herself, and that the defendant had to feed her and usually bought supper for his wife from said cafe, and that the defendant usually walked by the house of Alonzo Willis, the deceased, which was on the nearest and most direct route from the home of the said defendant and the cafe." It is insisted that the exclusion of this evidence was hurtful and prejudicial to the defendant because it would show that he was on lawful business when passing near the home of the deceased, and would tend to disprove the contentions of the State that the defendant went to the home of the deceased for the purpose of committing the homicide.

If the witness had been allowed to testify, and if she would have testified as claimed by the defendant, her testimony would not have proved the contentions of the defendant. The fact that it was the usual custom of the defendant to pass by the home of the deceased on his way to a cafe to procure food for his invalid wife would not have been sufficient to show that he

was near the home of the deceased on this particular occasion, armed with a shotgun, for that purpose.

Whether or not the State's witness would have testified as claimed by the defendant seems very doubtful in view of a part of her testimony on the trial, as follows: "Sanford lived up the street I will say four houses above Alonzo Willis. There is not a cafe three or four doors down from Alonzo's. The cafe is out on Harvard. You see, we live in the rear back there and the cafe concerned is out on Harvard. Going from Sanford's house to the cafe, if he kept straight on down he would pass Alonzo's house, but he wouldn't specially have to coming home or going home. He don't have to pass by his house unless he just plainly wants to."

The court's action in sustaining the objection to the question propounded by the defendant's counsel does not require the grant of a new trial.

3. Special ground 5 sets out certain remarks made by counsel for the State in his argument to the jury, as follows: "That the deceased was walking away from the defendant and retreating at the time the deceased hit the defendant." The defendant moved for a mistrial at the time the remarks were made, and the court overruled the motion, instructing the jury as follows: "Gentlemen of jury, you will remember the evidence. It is your duty and responsibility to remember the evidence, and I will caution counsel to keep within the rules, not to quote evidence except to refer to it and to draw any reasonable deduction that they may see fit to draw from it. It is the duty and responsibility of the jury to remember the evidence." It is insisted that the injury done to the defendant by the remarks of the counsel for the State was not eradicated by the instructions given by the court.

"It is the right of counsel, in arguing a case to the jury, to draw and state to them his own conclusions from the law and the testimony, provided that in so doing he does not misstate the testimony or state facts as to which there is no evidence." *Ogletree* v. *State*, 115 *Ga.* 835 (42 S. E. 255). There was testimony by the witness, Carrie Huff, from which the State's counsel could have drawn the conclusions made in his argument, and

the court did not err in overruling this ground of the motion for new trial.

4. Special grounds 6 and 7 assign error on the refusal of the court to allow questions on cross-examination to two of the State's witnesses, attempting to elicit information as to the character of the defendant. These witnesses had given no testimony on direct examination in regard to the character of the defendant, and in each instance it appears that the witness, on cross-examination, had denied knowledge of the general reputation of the defendant in the community in which he lived. It was not erroneous to refuse to permit further questions on this subject.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*