### 37486. DENSON v. CHATTOOGA COUNTY.

TOWNSEND, Judge. John Denson filed an action against Chattooga County in the superior court of that county, seeking compensation and damages for the alleged action on the part of the county in taking, without first paying just and adequate compensation therefor, a strip of land 50 feet wide and 1800 feet long of the lands of the defendant. The trial court sustained a general demurrer to the petition, and this judgment is assigned as error. The issue raised by the general demurrer as developed in the briefs of counsel raises but one question, and that is whether or not the acts of the county amount to a taking by it under the provisions of art. I, sec. III, par. I (Code, Ann., § 2-301) of the Constitution of the State of Georgia providing that private property shall not be taken or damaged without just and adequate compensation being first paid, so as to render it, rather than some other authority, liable to the plaintiff. The petition alleges in substance that the plaintiff owns a tract of land 1800 feet long through which ran a roadway having a right-of-way 30 feet in width; that a part of project # 641(5) of the Rural Roads Authority was an undertaking to widen and improve this road; that Chattooga County did, by resolution dated February 27, 1956, duly recorded, and by agreements made pursuant thereto, assume full responsibility for the taking, purchase, and condemnation of all lands lying within the right-of-way of the proposed project in that county, and further undertook to defend all suits and pay all valid claims arising from the taking or damaging of such lands. Thereafter the county deeded to the Rural Roads Authority by warranty deed all of the right-of-way in question, which right-of-way, over the lands of the plaintiff, is 1800 feet in length and 80 feet in

width; and that this action on the part of the county constituted a taking of a strip of land on each side of the right-of-way owned by the county, 1800 feet long and 25 feet in width. Acting under the deed the Rural Roads Authority then entered upon plaintiff's land, tore down fences, excavated ditches, and removed over 50,000 feet of soil which it used in leveling and constructing the road.

Under the Georgia Rural Roads Authority Act (Ga. L. 1955, p. 124 et seq.) the Authority is authorized (Code, Ann., § 95-2605(b)) to acquire by purchase, lease or otherwise both real and personal property. Under Code (Ann.) § 95-2606(b) counties are empowered to convey to the Authority any real property or interests therein or any rights-of-way now or hereafter owned by such county which may on completion be used as a rural road. A county which takes the adjacent land of a citizen for use in widening a road is liable in damages for taking the property for public use. In *Fulton County v. Amorous*, 89 *Ga.* 614 (6, 7) (16 S. E. 201) it was held: "If in fact a public road is widened under an order of the commissioners of roads and revenues authorizing it, a provision in the order that it should be done without expense to the county will not bar a claim for damages or an action therefor in behalf of a landowner whose property was in fact taken and appropriated without his consent in carrying the order into effect. . . Where the order for widening a public road authorizes that it be widened from twenty to thirty feet, if the county authorities actually add twenty feet to its width and the road is used by the public accordingly, and no steps are taken to reduce the width or to compensate for the damage done in the execution of the order, the landowner is entitled to compensation for all the land actually taken and used, notwithstanding the quantity may be in excess of that contemplated by the order, it not appearing that the road as opened and used is wider than the public necessities require, or than the county authorities, under a proper order, might have made it." There is accordingly no doubt but that, had the county, instead of making a deed to the Rural Roads Authority for the purpose of having the latter enter upon and appropriate the land in question, done so itself, it would be liable to the plaintiff, but the defendant in error contends that since the Rural Roads Authority was the entity which in fact

entered upon and excavated the plaintiff's land, that Authority and not the defendant is liable for the taking. We do not have before us at this point the liability, if any, of the Rural Roads Authority, and what is here held is no adjudication as to the duties of the latter, nor should it be deemed an adjudication as to the duties of the State Highway Board and State Highway Department, which, under Code § 95-2606(c) are empowered to acquire real property, including rights-of-way, by purchase or otherwise, and to convey them to the Governor, to be by him conveyed to the Authority. The only question before us is whether the allegations of the petition show a taking by the county, including the allegation that the county had by resolution and agreements thereunder assumed fully the responsibility of acquiring, by condemnation or otherwise, all lands within its borders lying within the right-of-way of the proposed project. Although copies of the resolution and agreements are not attached to or substantially set out in the petition, there is no special demurrer objecting to this deficiency, and the pleading is accordingly treated as containing an allegation of fact that the responsibility for obtaining title to these lands rested upon and had been assumed by the defendant. Thereafter the county, which had not in fact acquired all of the land comprised by the right-of-way, but which could have acquired it, or could have been made to respond in damages for not acquiring it if used by the county for widening the road, deeded such land to the Authority for the purpose of having the latter use it in this manner, and the Authority then proceeded to use it in the manner contemplated in reliance upon the county's deed.

The county which agreed to assume the duty of condemning plaintiff's land for the Authority, and which actually did turn it over to the Authority cannot now contend that it is not liable for this act. In *Woodside* v. *City of Atlanta*, 214 *Ga.* 75 (103 S. E. 2d 108) it is held that it is not necessary for the petitioner to show an actual physical taking of his land; any interference with any of his property rights therein is a *taking* of his land within the inhibition of the foregoing constitutional provision. It follows that the deed by the county of property which it had assumed the obligation of acquiring, and for the value of which it would be liable when lawfully acquired by

it, was a taking, and the fact that the county proceeded illegally against this plaintiff in doing the acts complained of would not make it any the less a taking, the consequences of the act being the same.

The trial court erred in dismissing the petition on general demurrer.

*Judgment reversed. Gardner P. J., and Carlisle, J., concur.*

DECIDED MARCH 9, 1959.

A. *Cecil Palmour,* for plaintiff in error.

F. *H. Boney,* contra.