45761.   BRIDGES v. THE STATE.

Argued November 3, 1970—Decided December 2, 1970—
Rehearing denied December 18, 1970—Cert. applied for.

*Gilbert & Carter, Fred A. Gilbert,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, J. Melvin England, Tony H. Hight,* for appellee.

Deen, Judge. ■ The defendant was sworn and testified that he had joined the co-indictees after playing in a band, had drunk a considerable amount of liquor and fallen asleep in the car, and waked up just before the police car arrived. Collins corroborated this testimony and stated that Bridges did not know of the plan to burglarize the church, was asleep when they got there, and did not go inside. Chitwood testified that the plans were made by all three defendants and that Bridges went to the church door with Collins and himself and held it open as they carried out the amplifier. The testimony of the minister of the church and one of the detectives was offered for impeachment to show that Collins' original account of the affair had agreed with that put forward by Chitwood, and that the attempt to exonerate the defendant was an afterthought.

The defense sought to be established here is the same as in *Greeson v. State,* 90 Ga. App. 57 (81 SE2d 839), where there was no material conflict in the evidence and all witnesses testified that the defendant had drunk a large quantity of liquor and was drunk or asleep in the car when the plan to burglarize a store was effected and remained so until noon of the next day. The court held:

"Where . . . there is direct evidence that a defendant on trial in a criminal case was present at the scene of the crime, but no evidence that he participated therein, this is insufficient to support a verdict of guilty where the circumstances are consistent with his contention that his presence was involuntary and that he was not conscious of the fact that the crime was being committed." Intent, however, is peculiarly a jury question. *Brittain v. State,* 41 Ga. App. 577 (2) (153 SE 622). One co-conspirator directly contradicted the defendant's assertion that he did not take part in the preliminary conversation about robbing the church or in the actual entry and removal of the property. The other co-indictee made contradictory statements and the jury was authorized to disbelieve his testimony entirely. That there was an illegal ·entry and that the equipment ,was feloniously removed by some or all of the defendants is undisputed. The verdict is accordingly amply supported by the evidence.

■ The trial court admitted testimony of two witnesses as to statements by Collins contradictory to his sworn testimony on the trial. Since there was no objection to allowing the testimony for this limited purpose, no question of admissibility arises. That the trial judge avoided the subject of impeachment of witnesses in his instructions is not harmful error in the absence of a request to charge on the subject. *Long v. State,* 127 Ga. 350 (4) (56 SE 444).

■ Alibi involves the impossibility of the accused having been present at the scene of the crime because he was elsewhere. *Code* § 38-122; *Johnson v. State,* 59 Ga. 142 (1). Since the defendant did not deny being at the scene of the burglary, this defense is not involved in the case.

■ Since there was direct and positive testimony that the co-indictees jointly planned and participated in the burglary, supported by all the circumstances under which the peace officers discovered them in the act of asportation of the property, the charge on conspiracy was not subject to the defects urged. "Where the State does not rely solely upon the evidence of an accomplice to connect the accused with an offense, it is not incumbent upon the court, without request, to instruct the jury touching corroboration." *Wil-*

*liams v. State,* 40 Ga. App. 217 (1) (149 SE2d 292).

■ The district attorney before examining a State's witness asked the court's permission to use leading questions on the ground that he expected the witness, a co-indictee, to be hostile. The court agreed. No objection was offered to the ruling, and it is too late to object here.

■ The court correctly charged the definition of burglary as contained in the new Criminal Code (*Code Ann.* § 26-1601). It will be noted that a conviction for burglary no longer necessarily includes proof of a breaking, and that it is sufficient if the accused "enters or remains" with intent to commit a felony or theft.

■ The instruction on recent possession of stolen goods, while hardly apropos where the thieves are arrested with the property in their possession before they have left the premises, is not such error as to require reversal.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*