51508. JONES v. THE STATE.

Stolz, Judge.

The defendant appeals from his conviction of theft by taking.

1. The trial judge did not err in failing without request to charge the jury on admissions made with a view to a compromise and settlement of claims, as the appellant contends was required by the provisions of Code § 38-408, which Code section applies to civil cases and not to criminal cases. *Moore v. State,* 230 Ga. 839 (1) (199 SE2d 243).

2. The charge — "A defendant in a criminal case is not required to give evidence for or against himself. The defendant in a criminal case is not required to satisfy the jury of the existence of any facts which, if true, is a defense." — did not constitute a comment on the failure of the defendant to testify, which would be prohibited by Code § 38-415 (as amended, Ga. L. 1973, pp. 292, 294). *Woodard v. State,* 234 Ga. 901 (7 a) (218 SE2d 629); *Thomas v. State,* 136 Ga. App. 165 (1, 2) (220 SE2d 736).

3. The trial court charged the jury, "An admission is a circumstance which requires the aid of testimony or other evidence to authorize or warrant a reasonable conclusion of guilt of the crime charged." The appellant contends that this charge was reversible error because it allowed the jury to consider evidence that corroborated the "admissions" which was not independent, as is contended is required under *Payne v. State,* 135 Ga. App. 245, 246 (1) (217 SE2d 476).

"Code § 38-401 provides: 'Admissions usually refer to civil cases; confessions to criminal.' " *Moore v. State,* 230 Ga. 839, supra. Furthermore, the case sub judice involves the corroboration of the *appellant's* statement, not the testimony of an accomplice. Although this portion of the charge was thus not adjusted to the case, it was not harmful error. The only corroboration required of a confession is the proof of the corpus delicti. *Fields v. State,*

232 Ga. 723 (208 SE2d 822); *Newton v. State,* 132 Ga. App. 873 (209 SE2d 690). Here, there was sufficient proof of the corpus delicti. Hence, the instruction was more favorable to the appellant in that it required more corroboration for the "admission" (confession) to be considered against him than does the law.

4. The trial court charged the jury that "where one fraudulently intends to get possession of the money of another and by false representation induces the owner to deliver the money to him for the purpose of being applied to the owner's use and then appropriates it pursuant to the original fraudulent intent, he may be convicted of the offense of theft by taking." This charge was not inappropriate in this prosecution for theft by taking, as the appellant contends. The language embodied in the clause, "regardless of the manner in which said property is taken or appropriated," in Code Ann. § 26-1802 (a), renders the section sufficiently broad to encompass thefts or larcenies perpetrated by deception as prohibited under § 26-1803, and theft by conversion, as prohibited under § 26-1808, the punishment for all of which is identical, as provided in § 26-1812. *Stull v. State,* 230 Ga. 99, 101 (1) (196 SE2d 7). The state proved beyond a reasonable doubt the offense of theft by deception, which was included in theft by taking, hence there was no error in this charge.

5. The appellant, for the first time on appeal to this court, attempts to challenge the composition of the jury by which he was tried. He asserts that seven of the jurors had been summoned for a prior term of court; had tendered excuses for non-service in the week subpoenaed to the Jury Clerk of Fulton County; had been excused from service that week; and had been reassigned to the term during which the appellant was tried. His contention is that the seven jurors were not legally excused, having been excused by the jury clerk rather than by the judge, as is provided by Code Ann. § 59-112 (b) (as amended by Ga. L. 1967, p. 725; 1975, p. 779).

This enumerated error is without merit for several reasons. Firstly, a challenge to the polls for cause must be made before the jury is sworn, unless the cause of challenge be unknown until afterwards. Code § 59-804; *Howell v. State,* 28 Ga. App. 501 (2) (111 SE 676). No

timely challenge for cause was here made. Secondly, the alleged disqualification of the jurors is not one of those objections provided by Code § 59-804, supra. Thirdly, the appellant made and makes no showing that the jurors were subject to peremptory challenge, or were so challenged, after voir dire under the provisions of Code §§ 59-805, 59-806, and 59-807.

Finally, even if the alleged disqualification of the jurors had been timely raised, the contended ground is not valid. "The judges of the superior courts have authority — 6 . . . to exercise all other powers . . . which may be granted them by law." Code § 24-2616. By Ga. L. 1964, p. 2119, the General Assembly authorized the superior court judges of Fulton County, inter alia, "to appoint a jury clerk and such other personnel as may be deemed necessary or advisable to dispatch the work of the court," and provided that "[t]he duties of said personnel shall be as prescribed by said judges." Section 4 of this Act provides that "[t]his Act shall be in addition and supplemental to other provisions provided by law, with a view toward efficient and orderly handling of jury selection and the administration of justice." Such language authorizes the judge to delegate the ministerial duty of receiving excuses and acting on them, under § 59-112 (b), supra, to the jury clerk, who, as a judicial official, may as properly perform this ministerial function (of determining the date jurors will serve, not whether or not they will serve) as clerks may issue subpoenas. See *Horton v. State,* 112 Ga. 27 (1) (37 SE 100). That the excuses accepted for delaying service may not have been authorized or enumerated in the Code, is not important. See *Ellis v. State,* 114 Ga. 36 (1) (39 SE 881); *Fulton County v. Amorous,* 89 Ga. 614 (2) (16 SE 201); *Parish v. State,* 6 Ga. App. 163 (1) (64 SE 489).

In *Fulton County v. Amorous,* supra, (1), the Supreme Court authorized the reassignment of excused jurors for service in a succeeding week within the same term. This holding of the *Amorous* case was subsequently applied by that court in a criminal case. *Meyers v. State,* 169 Ga. 468, 474 (2) (151 SE 34). The fact that the seven jurors in question in the case sub judice were reassigned to a subsequent term, does not invalidate their service. Code § 59-114 provides that "[a]ny juror who has *served* as a

grand or traverse juror at any session of the superior courts, . . . shall be ineligible for duty as a juror at the next succeeding term of said superior court, . . . in which he has previously *served* . . ." (Emphasis supplied.) The seven jurors in question, although summoned to serve at a previous term, were excused from service, hence did not serve and were not barred from service in the appellant's trial. "A party to a lawsuit has no vested interest in having any particular juror to serve; he is entitled only to a legal and impartial jury." *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 161 (5) (141 SE2d 189).

The verdict and judgment were not erroneous for any reason urged.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted January 12, 1976 — Decided January 27, 1976 — Rehearing denied February 16, 1976 — ▮▮▮▮▮▮▮▮

*Stanley H. Nylen, Thomas J. Browning,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.

