## 51964. GOINS v. THE STATE.

QUILLIAN, Judge.

Defendant appeals his conviction for burglary. *Held:*

1. The general grounds are without merit. Defendant was observed at the burglarized home. The license number on his car was written down as it was seen leaving the scene of the burglary with one of the stolen items in the trunk of his car. Three of the stolen items were recovered from his residence. The evidence amply supports the verdict, though based in part on circumstantial evidence. *Brant v. State,* 132 Ga. App. 631 (1) (208 SE2d 636).

2. Defendant alleges the trial court erred in overruling his motion to suppress the evidence found in his residence. We do not agree. The police officers were given the evidence listed above and went to the residence of the defendant. They explained their purpose for being there and were invited into his residence. One officer read the defendant his rights and requested permission to search. The defendant signed the consent form to search and admitted that he had taken a chair from the back porch of the burglarized home. Although there was evidence the defendant could not read and had been drinking, any conflict was resolved against him. Credibility, weight, and resolution of conflicts or inconsistencies in the evidence are matters for the trial judge on a motion to suppress. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345). We find no merit in this enumeration.

3. Enumerated as error is the charge: "I would say that if a door was wide open and a person enters that door, dwelling house of another, without authority with intent to commit theft, then of course that constitutes burglary." This enumeration is taken out of context. The complete charge on this point was as follows: "Now burglary is defined as follows, a person commits burglary when he or she, as the case may be, enters into any dwelling house of another without authority to do so and he or she enters with intent to commit a theft therein. It is not necessary that there be a breaking, but there must be an entry. I would say that if a door was wide open and a person enters that door, dwelling house of another, without authority,

with intent to commit a theft, then of course that constitutes burglary. It does not have to be a breaking or tearing down, that used to be the law but it is not any more."

There is no prejudicial error in the charge given. It was adjusted to the evidence and explained the change in the law from the old Code § 26-2629 which required "the breaking and entering any house with the intent to steal" to the present Criminal Code of Georgia § 26-1601 (Ga. L. 1968, pp. 1249, 1287) which does not require a breaking. *Bridges v. State*, 123 Ga. App. 157 (6) (179 SE2d 685) cert. den.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED APRIL 12, 1976 — DECIDED JUNE 11, 1976.

*James A. Secord*, for appellant.
*Earl B. Self, District Attorney, Jon B. Wood, Assistant District Attorney*, for appellee.