## 52978. RICKS v. THE STATE.

MCMURRAY, Judge.

Defendant was convicted, along with two others, of burglary (entering a grocery store for the purpose of committing a theft). He was sentenced to serve a term of 10 years. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. The first enumeration of error is concerned with the sufficiency of the evidence. The defendant was seen getting into a 1965 Chevrolet automobile in the vicinity of the store shortly before the burglary was discovered. This was reported to the police and shortly thereafter the

automobile was sighted and stopped when the police turned on their blue lights, the occupants and the automobile searched, and money was found, as well as a .38 Smith & Wesson revolver, later determined to have been taken from the store. The evidence was sufficient to support the verdict of guilty, even though one of the three defendants confessed to the crime, contending he alone committed the crime and the other two suspects, including this defendant, had nothing whatsoever to do with the burglary. See *Bridges v. State,* 123 Ga. App. 157 (1), 158 (179 SE2d 685).

2. The discovery of the burglary, notification of the police and immediate search for the automobile was sufficient to show an exigent situation and to authorize the search of the occupants in the automobile without a search warrant, inasmuch as there was an articulable suspicion (if not sufficient probable cause) for same. See Beck v. Ohio, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142); Adams v. Williams, 407 U. S. 143, 146 (92 SC 1921, 32 LE2d 612); *Brisbane v. State,* 233 Ga. 339, 341 (211 SE2d 294); *Peters v. State,* 114 Ga. App. 595, 596 (152 SE2d 647). The court did not err in allowing the pistol taken from under the front seat of the 1965 Chevrolet automobile which was traced to the store to be allowed in evidence. While defendant contends that a motion to suppress all evidence was made and designates same as "T-1" in the transcript, no such motion to suppress is found as having been made at that particular part of the transcript. Rule 18 (Code Ann. § 24-3618) as to structure and content has been violated in that we are unable to locate the issue of law as made in the appeal as citation of the record and transcript has not been properly made in order for us to consider the error complained of here. *Bode v. Northeast Realty Co.,* 117 Ga. App. 226 (1) (160 SE2d 228); *McCollum Mfg. Co. v. Dept. of Transportation,* 135 Ga. App. 815 (218 SE2d 926). A motion to suppress evidence illegally seized "shall be in writing." Code Ann. § 27-313 (b). No further consideration need be given of this enumeration of error.

3. Defendant complains of an improper reference by the district attorney as referring to the defendant as being "under a bridge with the rest of the pigeons." The brief

refers to this occurring at page 27 of the transcript and the ruling by the court as occurring at "T-1-2." Again, we cannot locate this objection in the transcript by reason of the violation of Rule 18, supra, and for the same reason stated above, it cannot be considered.

4. Having considered each and every error properly argued in the brief and finding no reversible error, the judgment is affirmed.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

SUBMITTED OCTOBER 13, 1976 — DECIDED NOVEMBER 1, 1976.

*George W. Stacy,* for appellant.
*A. Wallace Cato, District Attorney,* for appellee.