**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vincent Randolph THORNTON, Defendant-Appellant.**

**No. 78–5188**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1978.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Vincent Randolph Thornton, pro se, Floyd M. Buford, Macon, Ga. (Court-appointed), for defendant-appellant.

D. L. Rampey, Jr., U. S. Atty., Richard Nettum, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

■ There is no merit to Thornton's claim that a pistol found in his possession was improperly admitted into evidence because it was the fruit of an arrest made without probable cause.

Police received a citizen's report that a black male wearing a brown leather jacket was loitering around a parking lot looking into cars parked on the lot. A police officer went to the area to investigate. Two blocks from the parking lot he saw Thornton, a black male, carrying a brown leather jacket under his arm. The officer stopped Thornton, asked for identification, and questioned him as to his destination. According to the officer's testimony, which the trial court was entitled to believe, the following occurred. The gun was not found by means of a "frisk." The police officer did not touch Thornton until after the gun was observed. Rather, Thornton placed his jacket on the police car, and as the officer picked it up to return it to him the pistol fell out. Thornton was then arrested on a state charge of carrying a concealed weapon; he would not have been arrested had the pistol not fallen out. Later Thornton was identified as having participated in a bank robbery and was convicted on this federal charge.

■ Under Georgia standards the investigatory stop of Thornton was valid. A Georgia police officer in the course of his investigation is entitled to make reasonable inquiries. *Shy v. State*, 234 Ga. 816, 218 S.E.2d 599 (1975); *Ricks v. State*, 140 Ga. App. 298, 231 S.E.2d 113 (1976); *Allen v. State*, 140 Ga.App. 828, 232 S.E.2d 250 (1976). Once the pistol accidentally came into plain view the officer was entitled to arrest. The Georgia standards do not violate federal constitutional standards.

We do not consider the contention that the conviction should be reversed because defense counsel did not render effective assistance. This issue is not properly raised by direct appeal. *U. S. v. Prince*, 456 F.2d 1070 (CA5, 1972).

The judgment of the district court is AFFIRMED without prejudice to the right of appellant to raise the issue of ineffective counsel in a proper proceeding.