## 56641. SCOTT v. THE STATE.

SHULMAN, Judge.

Appellant, pastor of the First Community Baptist Church, was accused of misappropriating county funds advanced to the church pursuant to the Comprehensive Employment & Training Act of 1973 (CETA) (a locally administered federal program). This appeal follows a jury verdict finding appellant guilty of theft by taking as charged.

1. Appellant concedes that the evidence may support a conviction for theft by deception. As theft by taking encompasses theft by deception, we find appellant's argument that the evidence does not support a conviction for theft by taking unpersuasive. See, e.g., *Jones v. State,* 137 Ga. App. 612 (4) (224 SE2d 473).

2. The contract between the First Community Baptist Church and Fulton County provided for specific procedures in the event of misappropriation. Appellant submits that his behavior constituted a civil wrong at most and does not warrant criminal prosecution. We disagree.

That appellant's behavior may have also been subject to private contract remedies will not prevent the state from prosecuting criminal offenders. *Gerdine v. State,* 136 Ga. App. 561 (2) (222 SE2d 128).

3. We reject appellant's contention that the conviction cannot stand because there is no evidence that the accused directly benefited from the misappropriation.

Evidence that the accused did not personally receive any benefit from the taking may, without any further showing by the state, refute an essential element of theft by taking or deception. See, e.g., *Stewart v. State,* 142 Ga. App. 493 (236 SE2d 278), where the evidence would not support the verdict against an individual who turned over money to a corporation which misappropriated funds. See also *First Nat. Bank &c. Co. v. State,* 141 Ga. App. 471 (233 SE2d 861). Here, however, there is evidence that the accused had engaged in criminal activity. The evidence authorized a finding that the CETA funds were given to the church with express reservations as to use; that

appellant falsely swore that the funds were spent in accordance with the reservations; that the accused was the sole person authorized to sign checks on the account containing CETA funds; and that with knowledge of the CETA restrictions, the accused authorized the expenditure of CETA funds for non-CETA purposes. Therefore, notwithstanding whether appellant personally benefited from his acts, the evidence authorized the verdict. See Code Ann. § 26-1803.

4. During the course of direct examination, after the accused had put his character in issue, defense counsel attempted to qualify a lawyer as a character witness. When the witness responded that he was not sure he could testify as to the accused's general reputation in the community because of "the way" the witness knew the accused, defense counsel refrained from examining that witness further as to the accused's character. On cross examination, over defense counsel's objection that this witness had stated that he did not know the accused's general reputation and that such testimony might also violate the attorney-client privilege, the prosecution was permitted to question the witness as to general reputation. Appellant assigns error to the court's ruling.

Contrary to appellant's contentions, the witness did not deny knowledge of general reputation. Compare *Sanford v. State,* 203 Ga. 451 (A) (47 SE2d 268). The witness merely expressed a reluctance to testify due to his personal relationship with the accused. The record shows that the witness had knowledge of the accused's general reputation. Accordingly, the trial court properly rejected the appellant's objection to testimonial competency and allowed the character testimony. *Hess v. State,* 132 Ga. App. 26 (5) (207 SE2d 580). See generally *Freeman v. State,* 132 Ga. App. 742 (2) (209 SE2d 127). As to the claim of attorney-client privilege, see *Buffington v. McClelland,* 130 Ga. App. 460 (3) (203 SE2d 575). As to the rules of evidence applicable to character evidence, see *Lynn v. State,* 140 Ga. 387 (10) (79 SE 29); *Giles v. State,* 71 Ga. App. 736 (32 SE2d 111); *Carroll v. State,* 77 Ga. App. 251 (48 SE2d 491).

5. At trial, a witness was permitted to testify, over objection, that the accused had been in the company of

unmarried women. We do not agree that the admission of this testimony requires reversal.

Prior to this testimony, the accused had placed his character in issue. Similar testimony had been elicited on direct examination of the accused. We do not consider the testimony so prejudicial as to require reversal. See, e.g., *Carter v. State,* 136 Ga. App. 197 (1) (220 SE2d 749); *Martin v. State,* 143 Ga. App. 848 (1) (240 SE2d 219).

6. The court did not err in failing, sua sponte, to instruct the jury to disregard certain testimony.

7. Appellant complains that the court erred in admitting into evidence, over objection, a certain chart which pictorially compared by means of bar graphs and pie charts CETA and non-CETA funding received by the church and the actual expenditures of such funds.

Appellant has failed to cite the portion of the record where the objection requisite to preserving appellate review was made. Under the rules of this court, we are unable to consider the asserted error. Code Ann. § 24-3618 (c) (3) (ii); *Post-Tensioned Const., Inc. v. VSL Corp.,* 143 Ga. App. 148 (9) (237 SE2d 618); *Ricks v. State,* 140 Ga. App. 298 (2) (231 SE2d 113).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 10, 1978 — DECIDED JANUARY 18, 1979 — REHEARING DENIED FEBRUARY 15, 1979 — 

*Horton J. Greene,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, R. Andrew Weathers, Assistant District Attorneys,* for appellee.