**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Vincent Randolph THORNTON,**
**Defendant-Appellant.**

No. 78–5357.

United States Court of Appeals,
Fifth Circuit.

March 8, 1979.

J. Frank Myers, Americus, Ga. (Court-appointed), for defendant-appellant.

D. L. Rampey, Jr., U. S. Atty., Richard Nettum, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN and RONEY, Circuit Judges.

PER CURIAM:

On October 27, 1977, the Dawson Branch of the Albany First Federal Savings and Loan Association in Dawson, Georgia, was robbed at gunpoint. A jury convicted Vincent Randolph Thornton of committing the robbery. He was sentenced to serve twenty years in prison, with eligibility for parole at the determination of the Board of Parole, the sentence to run consecutively to federal sentences already being served.

An appeal was filed, and we heard oral argument in New Orleans on December 6, 1978. We affirm the judgment of the District Court.

Thornton's apprehension occurred, quite unexpectedly, in Albany, Georgia, eighteen days after the Dawson robbery. After he had been talking, in broad daylight, with an officer, a .38 caliber Taurus blue steel revolver quite inopportunely fell out of Thornton's jacket. He was arrested, of course, and post-arrest fingerprints connected him with the robbery in question.

Officer Kennedy was patrolling his sector in a black and white police car. He stopped

at Hinson's Texaco Service Station to stretch his legs and get a soft drink. While Kennedy was at the service station one Kenneth Beck, the manager of Ranch Mobile Homes, drove in and told the officer that a black male, wearing a brown leather jacket, had been hanging around a parking lot at the Gardner Animal Clinic and looking into automobiles parked there.

Officer Kennedy got back in his patrol car and drove toward the parking lot in question. Within two blocks of the parking lot he saw Thornton walking along the street, with a brown leather jacket folded under his arm. Kennedy pulled alongside and asked the man if he had any identification. Thornton said yes and reached down to get something out of his sock. Officer Kennedy stepped from his patrol car and *Thornton laid his jacket on the trunk lid of the patrol car.* Kennedy gave him a pat down search, finding a social security card in a black folder in Thornton's sock. "Paul Shannon", not Vincent Randolph Thornton, was the name on the social security card but the officer did not know of this discrepancy. Thornton then gave a fictitious address as his residence. Even though the officer knew that the address was fictitious, he decided he did not have cause to arrest Thornton. Whereupon, Kennedy started to hand Thornton the brown leather jacket which Thornton had placed on the trunk of the patrol car. It was then that the .38 caliber revolver fell out of the folded jacket, onto the patrol car, and the fat was in the fire.

Confronted with the pistol, which had been exposed in such an unexpected manner, the officer then felt that he had probable cause to believe that Thornton was in violation of Ga.Code Ann. § 26–2901 (carrying a concealed weapon) and Ga.Code Ann. § 26–2903 (carrying a pistol without a license). On the belief that if the appellant possessed a license he would quickly have so informed the officer, Kennedy arrested Thornton, handcuffed him, and took him to the police station to be booked. The fingerprints taken as a result of that booking connected Thornton with the Dawson robbery.

Dealing with exactly the same facts, wherein this appellant was convicted of another bank robbery, this Court held that this investigatory stop was valid and that the arrest was made on probable cause, *United States v. Thornton*, 5 Cir., 1978, 582 F.2d 993 (1978).

The complaint about the chain of possession of the fingerprints is also without merit. The person who took the fingerprints identified them in open court, the defendant having signed the fingerprint card in her presence.

The judgment of conviction is

AFFIRMED.