## A97A0662. TONEY v. THE STATE.
### (483 SE2d 627)

JOHNSON, Judge.

A jury found William Toney guilty of burglary. He appeals from the judgment entered on that verdict asserting that the conviction is not supported by sufficient evidence. On appeal, the presumption of innocence no longer prevails, we view the evidence in the light most favorable to the verdict and we do not speculate which evidence the jury chose to believe or disbelieve. *Gurlaskie v. State*, 196 Ga. App. 794 (1) (397 SE2d 66) (1990). Evidence was presented at trial as follows. A police officer on routine patrol at 3:00 a.m. saw Toney standing outside a clothing store. When the officer made eye contact with him, Toney turned and walked down an alley. His suspicions aroused, the officer drove his patrol car down the alley where he saw Toney and two other people standing by a car which had its trunk open. A bag of tools, a large screwdriver and some chisels were found in the trunk of the car. Several office machines were found on the floorboard in the back of the car. The officer, and other police who had arrived as backup, noticed that two padlocks had been pried off the door of a storage room at the back of the clothing store. The police noticed some copy machines, too large to fit in the car, still in the storage room. The owner came to the scene and identified the equipment found in the car as belonging to him.

Toney's argument that the state failed to establish that the storage shed was secured and that it was unlawfully entered is without merit. An element of the crime of burglary is the *unauthorized* entry of a building. OCGA § 16-7-1. Even if there were no evidence of forced entry, which in this case there was, breaking has not been an element of the offense since the adoption of the new criminal code in 1968. See *Goins v. State*, 139 Ga. App. 6, 7 (3) (228 SE2d 13) (1976); *Bridges v. State*, 123 Ga. App. 157, 160 (6) (179 SE2d 685) (1970).

His second assertion, that the state failed to prove that the property was recently taken from the site of the alleged burglary, misses the mark both from a factual as well as legal standpoint. The offense of burglary does not require a taking at all, much less a recent taking. "[T]he theft of any article is unnecessary to the completed offense of burglary. [Cits.]" *Davis v. State*, 139 Ga. App. 105, 106 (3) (227 SE2d 900) (1976). Even if such a requirement existed, the owner of

the property came to the site as the crime was being investigated and identified the items in the car as belonging to him.

Viewing the evidence in a light most favorable to the verdict, there was sufficient evidence from which a rational trier of fact could find Toney guilty of burglary beyond a reasonable doubt. Therefore, the conviction will not be disturbed. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Jackson v. State*, 217 Ga. App. 485, 487 (1) (458 SE2d 153) (1995).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 5, 1997.

*Joseph Wiley, Jr., LaRae A. Dixon*, for appellant.

*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney*, for appellee.