### 4536. ROBERSON *v.* THE STATE.

RUSSELL, J. 1. The defendant was charged with the offense of embezzlement, and it was alleged in the indictment that the funds which were embezzled belonged to two named eleemosynary or beneficial corporations. The allegation as to the corporate character of these institutions was material, and, there being no proof of incorporation, the verdict of guilty was not supported by the evidence, and a new trial should have been granted.

2. When the defendant made his statement his counsel offered to swear him and allow him to be cross-examined, waiving his constitutional right. The solicitor-general declined to cross-examine the defendant, and thereupon the court refused to allow the counsel for the accused to interrogate the defendant as a witness. *Held,* that this was not error. The statement of a defendant in a criminal case is not, in a technical sense, evidence. There is no provision of law by which he may become a witness. He may be cross-examined if he consents to be so cross-examined, but his agreement or offer to be cross-examined does not impose any obligation upon the prosecution; and unless the solicitor-general accepts and acts upon the offer of the accused to be cross-examined, his counsel has no absolute right to submit him to an examination as he would a witness. The privilege of directing the attention of a defendant to a particular point, by question or suggestion, is a matter addressed to the discretion of the trial judge.

*Judgment reversed.*

DECIDED DECEMBER 21, 1912.

Indictment for embezzlement; from Jenkins superior court— Judge Rawlings. November 7, 1912.

*A. S. Anderson,* for plaintiff in error.

*Alfred Herrington, solicitor-general, Hines & Jordan,* contra.