25342.   NORRIS, administratrix, *v.* SIBERT & ROBINSON.

Decided June 9, 1936.

*Paul T. Chance*, for plaintiff in error.   *Curry & Curry*, contra.

SUTTON, J. Norris, administratrix, brought suit in the municipal court of Augusta on a contract between her intestate and the defendants. The case was tried before the judge without a jury, and a judgment was rendered for the defendants. The plaintiff presented her petition to the superior court for certiorari. The answer of the trial judge was as follows: "The court can not intelligently answer the within certiorari, due to the fact that some of the documents of the records in the said cause, which were the main issue, have been withheld by the plaintiff, such as bills, a year's support, letters, etc. A brief of evidence having been filed and approved by me, subject to correction, all of which the court complains of." When the certiorari came on for a hearing in the superior court, the judge, on motion of the defendants, passed this order: "The above-named and stated petition for certiorari coming on regularly to be heard, and a motion to dismiss the petition having been made by the defendant in certiorari, because no proper answer of the petition had been made and filed by Hon. Joseph E. Bryson, judge of the municipal court of Augusta, the officer who presided at the original hearing, and it further appearing to the court that no notice of the exceptions to the answer of the presiding judge was ever given to the defendant in certiorari, it is ordered that the petition for certiorari be and the same is hereby dismissed." Error is assigned upon this judgment.

1. Where a petition for certiorari is filed in the superior court, and a copy thereof and of the writ is served on the trial judge, it is the duty of the trial judge to file his answer thereto, and specifically reply therein to the allegations in the petition for certiorari. Code of 1933, § 19-301. The answer should contain the evidence in the case or adopt in whole or in part the statement of the evidence contained in the petition for certiorari. *Southern Ry. Co. v. Leggett*, 117 *Ga.* 31 (43 S. E. 421); *Akridge v. Watertown Steam-Engine Co.*, 77 *Ga.* 50. It is not proper for the original papers in the case to be sent up. *Barfield v. McCombs*, 89 *Ga.* 799 (15 S. E. 666). But the trial judge shall either approve the copies of the pleadings and record contained in the petition for certiorari, or attach to his answer copies thereof and certify the same as true and correct.

2. Either party, dissatisfied with the answer of the trial judge may traverse the same (*Davis v. Rhodes*, 112 *Ga.* 106, 37 S. E.

169), or exceptions thereto may be "filed in writing, specifying the defects, and notice thereof given to the opposite party before the case is called in its order for a hearing; and if such exceptions be sustained, the answer shall be perfected as directed by the court." § 19-302.

3. But where there is an answer filed, even though incomplete and insufficient, the same will be binding on the plaintiff in certiorari unless exceptions are filed in accordance with the above section. *Davis* v. *Rhodes,* supra. And where there is an improper or incomplete answer by the trial judge to the petition for certiorari, the judge of the superior court will not continue the hearing on the certiorari until the answer is perfected, unless exceptions thereto have been filed as provided in the Code, § 19-302, but the certiorari will be dismissed. *Sutton* v. *State,* 120 *Ga.* 865 (48 S. E. 342); *Fain* v. *Shy,* 115 *Ga.* 765 (42 S. E. 94); *Tyner* v. *Leake,* 117 *Ga.* 990 (44 S. E. 812); *Ford* v. *Toomer,* 116 *Ga.* 795 (43 S. E. 45).

4. Exceptions to the answer of the trial judge are not in compliance with said Code section where no notice thereof is given to the opposite party "before the case is called in its order for a hearing." *Chandler* v. *Baggett,* 13 *Ga. App.* 333 (79 S. E. 179); *Humphries* v. *Nalley,* 14 *Ga. App.* 804 (82 S. E. 357); *Fulton Bag & Cotton Mills* v. *Booze,* 8 *Ga. App.* 430 (69 S. E. 494); *Pitts* v. *Simpson Grocery Co.,* 15 *Ga. App.* 617 (83 S. E. 1102); *Daniels* v. *State,* 118 *Ga.* 18, 21 (41 S. E. 818); *Franklin* v. *Kaufman,* 65 *Ga.* 260; *Rumph* v. *Cleveland,* 72 *Ga.* 189.

5. Where there is no proper answer of the trial judge and the exceptions filed do not meet the requirements of Code, § 19-302, neither the superior court nor this court can properly undertake to pass upon the merits of the assignments of error made in the petition for certiorari. *Knowles* v. *Coachman,* 109 *Ga.* 356 (34 S. E. 607); *Stoner* v. *Magins,* 116 *Ga.* 797 (43 S. E. 45).

6. In his order the judge of the superior court, recites that it appears that no notice was given to the opposite party of the exceptions filed by plaintiff to the answer of the trial judge in this case. There is an affidavit in the record relating to exceptions, but this affidavit fails to identify in any manner what exceptions it has reference to. Therefore this recital in the judge's order will be taken as true by this court, as the presumption is in favor of the

correctness of the judge's statement with respect thereto, especially where the record fails to show anything to the contrary.

7. So it follows that where an incomplete and insufficient answer is made by the trial judge, and exceptions thereto are filed by the plaintiff in certiorari, but it appears from the order of the judge of the superior court that no notice of such exceptions has been given to the opposite party before the case is called in its order for a hearing, it is not error to dismiss the certiorari on the ground that no sufficient answer to the petition for certiorari has been made by the trial judge, and because no notice of the exceptions was given to the opposite party before the case was called in its order for a hearing.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*