## 35066.   McKIBBEN *v.* THE STATE.

DECIDED APRIL 6, 1954.

*A. Tate Conyers,* for plaintiff in error.
*Paul Webb, Solicitor-General, William E. Spence, Charlie O. Murphy,* contra.

GARDNER, P. J.    ■    Since the judgment is being reversed on a special ground, we will not discuss the evidence as it relates to the general grounds except to say that the evidence on the second trial, which evidence was substantially the same as on the first trial, would authorize either of three verdicts, one for murder, one for voluntary manslaughter, or one for acquittal.

■ Special ground 1: During the progress of the trial and after evidence had been introduced and at the conclusion of the defendant's statement, the attorney for the defendant stated: "Counsel for the defendant: Now, if Your Honor please, in addition to the statement, the defendant will be willing to be examined by the State's attorney; he is willing to be examined by the State's attorney.

"Solicitor-General: No, I don't think that he can waive that; it would be reversible error, and I will not fall into such a trap he is trying to make. Mr. Conyers is a good lawyer and he knows that the defendant can't do that; he is just doing this to mislead the jury. He knows that the defendant can't waive that.

"Counsel for the defendant: May it please the court, I object to a statement like that made by the solicitor.

"The Court: I am going to let him go down; you may go down."

It is contended by the movant that the refusal of the court to permit the defendant to be cross-examined was erroneous, in that it deprived him of a substantial legal right; that the error was harmful because the court in its ruling adopted the statement of the solicitor-general, and in effect informed the jury that the movant's offer to be cross-examined was not made in good faith and that the defendant's counsel was attempting to mislead the jury; and that the ruling was highly prejudicial to the defendant's defense. As further illustrative of the harmful effect of the ruling, the movant contends in this ground that during the argument to the jury the solicitor-general referred to the defendant's offer in terms similar to those set forth above; that the defendant's counsel immediately objected to such argument upon the same grounds above set forth; that the judge stated in the presence of the jury that he would take care of the law in his charge.. It is further contended that the court approved this as true; that the court never at any time instructed the jury that the defendant had the legal right to offer himself for cross-examination by the State's attorney. Code § 38-415 reads: "In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case. The prisoner shall not be compelled to answer any questions on cross-examination, should he think proper to decline to answer."

It is elementary that, under the law of this State, a defendant in a criminal trial is not competent or compellable to testify under oath, but we are convinced that the law gives him the privilege of submitting himself. for cross-examination by State's

10

counsel not under oath. We think that the last sentence in Code § 38-415, quoted above, has some meaning, and while our appellate courts might not have ruled directly, they have persuasively and correctly touched on the question. In *Roberts* v. *State*, 189 *Ga.* 36, 41 (5 S. E. 2d 340), the Supreme Court said: "While it is true that the statute (Code § 38-415) *clearly authorizes the defendant to waive his immunity to cross-examination,* yet the provision denying the defendant the right to be put under oath is binding upon both the State and the defendant, and can be waived by neither. Had the defendant sought to waive his immunity to cross-examination without adding the further request that he be put under oath, *he would have been entitled to that privilege;* but when the request to waive immunity to cross-examination is coupled with the condition that he be put under oath, it is mandatory under the law that such a request be denied. . . While we do not find where this court has ever ruled on the exact question presented by this record, the Court of Appeals in *King* v. *State*, 24 *Ga. App.* 49 (99 S. E. 784), correctly stated the rule of law applicable to the facts of this case: 'While the defendant in a criminal case may make to the jury a statement in his own behalf not under oath, which may be received in whole or in part by the jury in preference to the sworn testimony, he is not a competent witness in the case, and can not be sworn as such. *While he may be cross-examined not under oath,* if he consents thereto, an offer by his counsel to put him under oath and permit him to be cross-examined was properly rejected by the trial judge.' " (Italics ours.)

The Supreme Court in a more recent case, *Porch* v. *State*, 207 *Ga.* 645 (3) (63 S. E. 2d 902), said: "While a defendant in a criminal case cannot be placed under oath, he may consent to be cross-examined. *Roberts* v. *State*, 189 *Ga.* 36 (1) (5 S. E. 2d 340). The colloquy here between the court, the attorney for the accused, and the solicitor-general, when considered as a whole, was not a denial of the right of accused to be cross-examined, nor did it tend to depreciate the effect of the defendant's statement, or amount to an expression of opinion as to the defense of the accused." See also *Roberson* v. *State*, 12 *Ga. App.* 102 (76 S. E. 752).

It thus seems clear to us that a defendant, while not competent

or compellable to testify under oath in his defense, does have a right to submit himself to cross-examination by the State's counsel not under oath. The State would have the right to refuse to cross-examine the defendant. But where, as here, the defendant offers to be cross-examined by counsel for the State, counsel for the State has no right to improperly attack the defendant or the defendant's counsel and to charge them, in effect, with setting a trap in bad faith to influence the jury. In the instant case, counsel for the State, even in his argument as set forth in this ground of the motion, refers to such a situation as being in effect offered in bad faith. We think that the situation presented here was prejudicial, illegal, and harmful to the defendant's cause. Counsel for the State in his argument contends that the proper method to remove the remarks of counsel for the State would have been to move the court to admonish counsel, or to make a motion for a mistrial and make the ruling thereon a separate ground of a motion for new trial. We do not think that this contention is tenable. The whole conduct of the situation was contained in a special motion. It is not based upon an erroneous ruling of the court, standing alone. It is the ruling which supported and gave sanction to the unwarranted and improper actions of counsel for the State. See, in this connection, *Brooks* v. *State*, 183 *Ga.* 466 (188 S. E. 711, 108 A. L. R. 752). The case is reversed on this special ground.

■ Special ground 2 complains of the following question propounded to a witness for the State: "Did you or anyone else, to your knowledge, offer the defendant any hope of benefit or reward if he would carry on a conversation with you?" Objection was made to this question and answer on the ground that it called for a conclusion not based upon sufficient facts. Under the record of this case, this special ground is without merit.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*