## 27037. TANNER v. THE STATE.

UNDERCOFLER, Justice. Johnnie Lee Tanner was convicted in the Superior Court of Fulton County, Georgia, on an indictment charging him with armed robbery and on an indictment charging him with a misdemeanor. He received sentences of 10 years and twelve months to run consecutively. He appeals from these convictions and sentences. *Held:*

1. The "Spic and Span Cleaners" in Fulton County was robbed on August 31, 1971. The perpetrator of the robbery wore a stocking over his face and was armed with a gun. He took a sum of money from Jacqueline Billings, the person in charge of the cash register, by pointing the gun at her, put his hands on the counter to pick up the

money, told her to lie on the floor until he had gone, and covered her head with a shirt. A nine-year-old boy was in the place of business at the time of the robbery. He saw the perpetrator of the crime in front of the door before he put the stocking over his head and positively identified him as the person who robbed the place of business. The boy stated that the appellant had previously been there. The fingerprints of the appellant were taken from the counter where he had picked up the money.

The evidence was sufficient to support the verdict.

2. Counsel for the defendant objected to a leading question asked the nine-year-old witness. The trial court acknowledged that the question was leading but did not instruct the jury to disregard it. The appellant contends that this was error.

"Whether counsel will be permitted to propound leading questions to a boy 'of immature years,' while testifying, is a matter which addresses itself to the sound discretion of the court; and the allowance of such questions will not be held erroneous unless the discretion is abused." *McCrary v. State,* 137 Ga. 784 (1) (74 SE 536).

It follows that there is no merit in this contention.

3. The investigating officer testified that when he arrived at the scene of the crime, the victim and the boy told him certain things. He later testified that he received some information from the identification bureau about the fingerprints taken from the scene of the crime. Counsel for the defendant objected to the testimony given in each instance on the basis that it was hearsay evidence and was not admissible. There is no merit to this contention since *Code* § 38-302 allows such evidence to explain the conduct of the witness.

4. Roger Dale Rainey testified that he had taken 80 hours of fingerprint courses at the Georgia Police Academy and had over a year and a half training with the identification bureau of the police department in this field. He testified that he had examined and compared certain

fingerprints against others on file. Counsel for the appellant objected to his testimony because he had not qualified as an expert. A colloquy between the court and counsel ensued and the court stated: "Well, I am not going to rule that he can't answer the question. That is a matter for the jury to determine." The court subsequently charged the jury: "Whether the learning, skill and experience, if any, of a witness really entitles his opinion testimony to be considered that of an expert is at last to be determined by the jury itself."

The appellant contends that the ruling of the trial judge and his charge to the jury are error. He also contends that the subsequent allowance in evidence of the fingerprints was error. The training and experience of this witness was sufficient to show that he was an expert in the field of fingerprints. Therefore, the trial court's conclusion that the competency of the witness as an expert was a question for the jury to determine, even if error, was harmless.

It follows that these contentions are without merit.

5. The appellant contends that although he was 20 years old and his written waiver showed that he had a twelfth-grade education, his waiver of his constitutional right to counsel before making a statement could not be used in evidence against him. This waiver of his constitutional rights was witnessed by his father.

The evidence shows that the only statement the appellant made to the investigating officers was that he had never been to the business establishment which was robbed.

The cases In re Gault, 287 U. S. 1 (87 SC 1428, 18 LE2d 527); In re Winship, 397 U. S. 358 (90 SC 1068, 25 LE2d 368); and Daniels v. State, 226 Ga. 269 (174 SE2d 422) have no application to the facts of this case.

The fact that the appellant was a 20-year-old minor at the time he signed a waiver of his constitutional right of counsel would not vitiate his statement. The evidence showed that it was freely, voluntarily, and knowingly signed.

There is no merit in the contentions of the appellant.

6. The evidence shows that two detectives took a group of six pictures to the school which the nine-year-old witness attended. In the presence of the detectives, the principal, and assistant principal, the nine-year-old witness looked at the pictures. He stopped at a certain picture, stared at it for a minute or so, then went through the rest of the pictures. He laid them down and picked up the picture of the appellant and stated that he had on the wrong shirt, that he did not have on that kind of shirt. The detective told him that it was an old picture which was made in 1969.

Counsel for the appellant objected to the testimony that the picture was made in 1969 because it intimated that his picture had previously been taken and was in a rogues' gallery and that such testimony would put his character in issue.

In *Cooper v. State,* 182 Ga. 42 (2) (184 SE 716, 104 ALR 1309) this court approved the admission in evidence of a picture allegedly from the rogues' gallery, where such picture contained nothing to indicate that the defendant was guilty of previous crimes, against the attack made that it tended to put his character in issue. In *Martin v. State,* 225 Ga. 234 (2) (167 SE2d 638) we also said: "The testimony of a witness that the victim picked the appellant's picture out of 'an album' did not place his character in issue."

The detective's statement to the witness that the picture was made in 1969 did not put the appellant's character in issue.

There is no merit in this contention.

7. The appellant contends that the indictment showed that the amount taken in the robbery was "$70, and the property of Jacqueline Billings, as bailee," but that the evidence shows that after the robbery the cash register was checked and it showed that there was a difference of $97.21 from the beginning cash and that the evidence did not show that Jacqueline Billings was either the

owner or the bailee of the money.

The evidence shows that Jacqueline Billings was an employee in charge of the cash register, that she took money from the cash register at gun point, put it on the counter and it was taken by the perpetrator of the crime who fled with it.

This evidence was sufficient to support the allegations of the indictment. *Spurlin v. State,* 222 Ga. 179 (7) (149 SE2d 315); *Beeks v. State,* 225 Ga. 200 (3) (167 SE2d 156).

There is no merit in these contentions.

8. The appellant contends that the trial court erred in failing to charge the jury on the impeachment of a certain witness, without a written request.

"While it is true that the credibility of witnesses is a matter to be determined by the jury under appropriate instructions from the judge (*Code* § 38-1805), yet it has been held numerous times that failure to so instruct the jury is not cause for the grant of a new trial, in the absence of an appropriate and timely request so to charge." *Benton v. State,* 185 Ga. 254, 257 (194 SE 166); *Bonaparte v. State,* 223 Ga. 648 (2) (157 SE2d 272).

The failure to charge the jury on impeachment of witnesses, therefore, is not a substantial error which was harmful as a matter of law under the provisions of *Code Ann.* § 70-207 (c) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

There is no merit in this contention.

*Judgment affirmed. All the Justices concur.*
Argued February 15, 1972—Decided March 9, 1972—
Rehearing denied March 23, 1972.

*Travis, Tarver & Furlong, P. Russell Tarver, Thomas A. Travis, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, James H. Mobley, Jr., Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant At-*

*torney General, Courtney Wilder Stanton, Assistant Attorney General, Richard S. Gault, Deputy Assistant Attorney General,* for appellee.