27678. WYNN v. THE STATE.

Argued February 12, 1973 — Decided February 22, 1973.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.

*R. William Barton, District Attorney, J. Bacheller Flythe, Richard E. Allen,* for appellee.

JORDAN, Justice. The facts as stated in Division I of the majority opinion of the Court of Appeals in this case, *Wynn v. State,* 127 Ga. App. 463 (194 SE2d 124), disclose

that the trial judge, already aware that the defendant had elected to make an unsworn statement, insisted on advising him in the presence of the jury concerning his right to be sworn as a witness and to make an unsworn statement.

The statutory standard provides that "[t]he failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure." Code § 38-415 as amended (Ga. L. 1962, pp. 133, 134). We granted certiorari to determine whether the Court of Appeals erred in concluding that this standard was not violated in the present case, applying the guidelines disclosed by cases such as *Waldrop v. State,* 221 Ga. 319 (7) (144 SE2d 372); *Hammond v. State,* 225 Ga. 545, 546 (170 SE2d 226); and *Massey v. State,* 226 Ga. 703, 704 (177 SE2d 79), as distinguished from *Lynch v. State,* 108 Ga. App. 650 (134 SE2d 526).

We reverse. No holding in *Waldrop, Hammond* or *Massey* conflicts with this holding under the facts of this case. In our opinion the Court of Appeals correctly applied the law to the facts in *Lynch,* supra.

What is prohibited by the statute is a comment on the failure to testify. The remarks here made by the court to the defendant in the presence of the jury served to invite attention and emphasize his failure to defend himself under oath, and this is precisely what the statute prohibits. However well-intentioned any of the remarks were to insure that the defendant understood his rights, we think it is improper and prejudicial to advise the defendant of these rights in the presence of the jury, as distinguished from merely instructing the jury of the standards for evaluating an unsworn statement.

*Judgment reversed. All the Justices concur, except Undercofler, J., who dissents.*