### 28197. ROBERTS v. THE STATE.

MOBLEY, Chief Justice. Lonnie Richard Roberts appeals from two convictions, armed robbery and aggravated assault. He enumerates two errors.

1. He alleges that: "The trial court instructed the defendant,

Lonnie Richard Roberts, in the presence of the jury, of his rights to testify or make an unsworn statement." Appellant relies upon the case of *Wynn v. State,* 230 Ga. 202 (196 SE2d 401), where this court held: "The trial court erred in instructing the defendant in the presence of the jury of his right to testify or make an unsworn statement. The Court of Appeals erred in not so holding" and "The statutory standard provides that 'the failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure.' Code § 38-415 as amended (Ga. L. 1962, pp. 133, 134). . .

"What is prohibited by the statute is a comment on the failure to testify. The remarks here made by the court to the defendant in the presence of the jury served to invite attention and emphasize his failure to defend himself under oath, and this is precisely what the statute prohibits. However well-intentioned any of the remarks were to insure that the defendant understood his rights, we think it is improper and prejudicial to advise the defendant of these rights in the presence of the jury, as distinguished from merely instructing the jury of the standards for evaluating an unsworn statement."

However, the situation in that case is different from this case. In *Wynn,* the appellant moved for a mistrial which provided the trial judge with an opportunity to correct his error. Here, appellant made no objection to the judge's remarks. Where no objection was interposed to the remark of the judge or no motion for mistrial was made, the objection sought to be made cannot be raised for the first time in a motion for new trial. See *Pulliam v. State,* 196 Ga. 782 (6) (28 SE2d 139); *Calhoun v. State,* 210 Ga. 180 (3) (78 SE2d 425); *Waller v. State,* 213 Ga. 291, 294 (99 SE2d 113); and *Sides v. State,* 213 Ga. 482, 486 (99 SE2d 884).

2. The second enumeration of error alleges: "The delay of the courts in resolving all issues developed in the jury trial of January 4, 1971, wherein appellant was found guilty, has fatally prejudiced his rights."

Appellant was represented by counsel in the trial of the habeas corpus cases and on the appeal. He does not argue the second enumeration of error; thus it is considered abandoned. However, from examination of the record we are unable to find undue delay in the trial of his case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 10, 1973 — DECIDED
NOVEMBER 9, 1973.

*Claud R. Caldwell,* for appellant.

*Bacheller Flythe, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David J. Bailey, Deputy Assistant Attorney General,* for appellee.