## 49683. STONE v. THE STATE.

EBERHARDT, Presiding Judge.

The defendant was a customer of a restaurant on the night of December 24, 1971, and about 1:15 a.m. December 25, became involved in a disturbance in slapping another customer, prompting the manager to call the police to quell the situation. Two policemen came and the manager lodged a complaint with them concerning the defendant's conduct and asked that he be removed from the restaurant. The police took him by the arm and asked him to go along with them. He refused and attacked the police, joined by several other men who were in company with the defendant at the restaurant. When the police got just outside the front door, defendant obtained policeman Creamer's pistol and beat him on the head and shoulders. Creamer struck the defendant with his black jack.

Creamer obtained a warrant for the defendant's arrest, and he was arrested under it, later indicted for aggravated assault, tried and convicted of simple battery, and from the sentence and judgment on the verdict defendant appeals, enumerating as error (1) overruling his motion for new trial; (2) overruling and denying his motion to be discharged because of failure of the court to afford him trial pursuant to his demand therefor; (3) charging the jury relative to the right of the defendant to be sworn as a witness when he had elected to make and had made an unsworn statement; (4) failing to charge the law under which defendant is afforded a right to defend himself against an unlawful arrest. *Held:*

1.  The general grounds of the motion for new trial are without merit.

2.  It appears that the defendant was indicted at the March, 1971 term of Jeff Davis Superior Court, and at that term he filed a demand for trial. The order of the court recited that all jurors had been "excused yesterday," but allowed the demand and ordered it spread upon the minutes of the court. A written waiver was endorsed on the demand by defendant's counsel, by which it was "waived for the June Term, 1972, and the first term at which said demand will be effective is the September Term, 1972."

The order of the court denying defendant's discharge by reason of the demand recited that the "Jeff Davis County courthouse was in complete renovation during the June Term and the September Term, 1972, such that it was impossible to hold court at such times. Further, the first term at which jurors could be empaneled was in December, 1972, same being for civil cases only by agreement of all the bar, including defense counsel for defendant; further the next term of such court was the March Term, 1973, at which term the case was tried." Nothing in the record controverts the recitals of this order, and we must take the recitals to be true. *Norris v. Sibert & Robinson,* 53 Ga. App. 440, 442 (6) (186 SE 199); *Creaden v. Krogh,* 75 Ga. App. 675, 678 (44 SE2d 136); *McBrayer v. Automobile Finance, Inc.,* 95 Ga. App. 116 (1) (97 SE2d 184); *Minter v. State,* 122 Ga. App. 695, 696 (178 SE2d 335); *Morehead v. Allen,* 131 Ga. 807 (3) (63 SE

507); *Palmer Brick Co. v. Woodward,* 135 Ga. 450 (1) (69 SE 827).

Under the facts, as recited in this order, the denial of the discharge of the defendant by reason of the failure of the state to afford the defendant a trial pursuant to the demand was proper. Code § 27-1901.

3. This case was tried prior to the abolition of the law permitting defendants in criminal cases, at their election, to make unsworn statements to the jury. The defendant elected so to do, and the court in the charge to the jury asserted: "Now I charge you, lady and gentlemen, that the defendant has made a statement. I charge you that in all criminal trials the defendant shall have the right to be sworn as a witness and examined and cross-examined as other witnesses or he has a right to make to the court and jury such statement, without being sworn in the case, as he may deem proper in his defense. You may believe it or disbelieve it as you desire. It shall have such force only as the jury may think right to give it. You may believe it, however, in preference to the sworn testimony in the case if in your judgment you should so desire."

Appellant urges that, under the ruling of the Supreme Court in *Wynn v. State,* 230 Ga. 202 (196 SE2d 401), this charge was error requiring a new trial, and we agree. We note that defendant made timely and proper objection to this charge. Cf. *Roberts v. State,* 231 Ga. 395 (1) (202 SE2d 43). The principle will have no application as to trials occurring after July 1, 1974 since the right to make unsworn statements was abolished on that date.

4. Error is enumerated on failure of the court to charge relative to the right of one to resist an unlawful arrest. There was no request for such a charge. The evidence would authorize a finding that even though the attempted arrest, being without a warrant and for an offense not committed in the presence of the officers, may have been unlawful, the defendant used a disproportionate amount of force in resisting it, and thus his asserted resistance would cease to be lawful and become an unlawful attack upon the officer. *Coleman v. State,* 121 Ga. 594 (7) (49 SE 716). Failure to charge the law in this respect may, therefore, have been more

favorable to the defendant than to the state, and if its omission was error it was harmless error.

*Judgment reversed for the reason stated in Division 3 of the opinion. Deen and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1974 — DECIDED SEPTEMBER 24, 1974.

*J. Laddie Boatright,* for appellant.

*W. Glenn Thomas, Jr., District Attorney, Cletus W. Bergen, II, Stephen E. Curry, Assistant District Attorneys,* for appellee.