29434. SCOTT v. THE STATE.

HILL, Justice.

The procedural history of this case is as follows: On February 24, 1972, appellant was indicted for murder by the Madison County grand jury. Following a trial at which he was represented by counsel appointed prior to indictment, appellant was found guilty on March 1, 1972, and was sentenced to life imprisonment. His appointed counsel withdrew unilaterally and appellant unsuccessfully pursued a pro se appeal to this court. *Scott v. State,* 230 Ga. 47 (195 SE2d 414).

In June, 1972, appellant filed a petition for writ of habeas corpus in Tattnall Superior Court, apparently on the ground that he had been denied assistance of counsel on his appeal. The habeas court ordered that appellant be returned to Madison County for the appointment of counsel to pursue an out-of-time appeal. Counsel appointed for appeal reviewed the record and transcript and, finding no error, filed on November 1, 1974, his motion to be allowed to withdraw in this court as prescribed in Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493).

Following publication as of November 7, 1974, of *Stone v. State,* 132 Ga. App. 697 (209 SE2d 116), appellant's appointed counsel properly withdrew his motion to be allowed to withdraw as counsel, and filed appellant's brief on the merits, enumerating two grounds as error: (1) That the trial court erred in instructing appellant in the presence of the jury as to his right to make

an unsworn statement, after appellant's trial counsel had informed the court that appellant had elected to make an unsworn statement; and (2) that the trial court erred in charging the jury as to the unsworn statement and by repeatedly referring to the fact that appellant had made an unsworn statement. Neither ground was raised at the trial.

The "unsworn statement" has since been abolished. Ga. L. 1973, pp. 292, 294 (Code Ann. § 38-415).

1. After being informed that the defendant had chosen to make an unsworn statement, the trial court instructed him in the jury's presence that he had the legal right to make an unsworn statement, not under oath and not subject to cross examination, which would have such force as the jury may give it. No objection or motion was made regarding this instruction. No instruction was given as to the defendant's right to give sworn testimony. In the charge, the trial judge instructed the jury concerning the weight to be given by the jury to such unsworn statement.

In *Stone v. State,* 132 Ga. App. 697, supra, the jury was instructed that the defendant, who had made an unsworn statement, had had the right to give sworn testimony, subject to cross examination. That instruction was held to be reversible error.

In *Wynn v. State,* 230 Ga. 202 (196 SE2d 401), this court held it to be reversible error to overrule a motion for mistrial made after the trial judge instructed the defendant in the presence of the jury as to his right to make an unsworn statement not subject to cross examination, or to give sworn testimony subject to cross examination, where the defendant had previously informed the court that he had chosen to make an unsworn statement. See *Wynn v. State,* 127 Ga. App. 463 (194 SE2d 124).

In *Roberts v. State,* 231 Ga. 395 (202 SE2d 43), this court held that instructing an accused in the presence of the jury of his right to testify, or to make an unsworn statement, was not reversible error in the absence of an objection to such instruction or motion for mistrial.

Lest we lose sight of our objective, it should be pointed out that comment upon the failure of the accused

to testify subject to cross examination is equivalent to comment upon the failure of the accused to testify (*Wynn v. State,* supra), which comment is prohibited by law. Code Ann. § 38-415.

The basis of reversal in *Wynn v. State,* supra, as well as *Stone v. State,* supra, was in commenting before the jury as to the right of the accused to be sworn and testify after he had chosen to make an unsworn statement. The basis was not in commenting upon his right to make an unsworn statement after he had chosen to make such unsworn statement.

In this case now before us, the trial judge did not refer to the right of the accused to be sworn and to testify, either when he addressed the accused or in his charge.

The court instructed the jury as to the law regarding the weight to be given the unsworn statement. It would be harmless error, if error at all, to inform the accused in the presence of the jury as to the weight to be given his unsworn statement in the language which later would be given in the charge to the jury.

We find no reversible error here, for the reason that the instruction given the accused as to his unsworn statement did not constitute comment upon his failure to testify.

2. Appellant enumerates as error the charge of the court regarding the unsworn statement, pointing to the instruction given and to the repeated references to it.

The anomaly presented here is that no objection to the charge is required to be made at the trial of criminal cases. Code Ann. § 70-207 (a).

However, the charge given here regarding the unsworn statement was substantially in the language of the law as it existed at the time of trial (see Ga. L. 1962, pp. 133, 134), and was not error.

We have examined the charge of the court in its entirety for references to the unsworn statement and find that such references were made necessary or appropriate by the defendant's having made an unsworn statement, which was not "evidence" in the technical meaning of that word. See *Roberson v. State,* 12 Ga. App. 102 (76 SE 752). For example, in charging the jury the court instructed them as to "reasonable doubt," saying in part: "It may

arise from the evidence, from a lack of the evidence, a conflict in the evidence or from the defendant's statement."

We find that the court's references to the unsworn statement were beneficial to appellant in that the jury was given repeated opportunity to return a verdict of "not guilty" based on his unsworn statement. Such references were not prejudicial to appellant and were not error.

*Judgment affirmed. All. the Justices concur. Hall, J., concurs specially.*

SUBMITTED JANUARY 13, 1975 — DECIDED FEBRUARY 25, 1975.

*J. Cleve Miller,* for appellant.

*Clete D. Johnson, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

HALL, Justice, concurring specially.

I concur in the judgment of affirmance for the reasons stated in *Wynn v. State,* 127 Ga. App. 463 (194 SE2d 124). "It is important for appellate judges to remember that 'A defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials.' Lutwak v. United States, 344 U. S. 604, 619 (73 SC 481, 97 LE 593); Bruton v. United States, 391 U. S. 123, 135 (88 SC 1620, 20 LE2d 476); Brown v. United States, 411 U. S. 223 (36 LE2d 208). The work of a trial judge in a criminal trial is not an easy one. His language in colloquies with counsel, witnesses or jurors should not be judged by the hindsight of appellate judges after weeks of academic deliberation but by the practical difficulties and circumstances faced by the trial judge at the time of the trial." *Sanford v. State,* 129 Ga. App. 337 (199 SE2d 560). General criminal procedures are means to social ends and not an end in themselves. To hold otherwise amounts to "mechanical jurisprudence" with the exaltation of form over substance. See Meador, Criminal Appeals, English Practices and American Reforms, pp. 97, 107 (1973). We should always remember the cautionary advice of Justice Cardozo that there "is danger that the criminal law will be brought into

contempt . . . if gossamer possibilities of prejudice to a defendant are to nullify a sentence . . . " Snyder v. Massachusetts, 291 U. S. 97, 122.