## 30013. THOMAS v. THE STATE.

Hill, Justice.

The Court of Appeals (in Case No. 50142) certified the following question:

"1. Defendant was tried and convicted for a criminal offense. He made no statement and gave no testimony. The trial judge commented on his failure to testify in his charge to the jury. At the conclusion of the charge, counsel for the state and defendant were asked by the court if they had any 'exceptions' to the charge; counsel for the state and defendant stated that each had no exceptions.

"2. Code Ann. § 38-415 prohibits any comment on the failure of a defendant to testify in a criminal case; and *McCann v. State,* 108 Ga. App. 316 (132 SE2d 813), by Judges Nichols, Jordan and Frankum, holds that this inhibition applies to both solicitor and *judge. Linder v. State,* 132 Ga. App. 624 (3) (208 SE2d 630).

"3. Code Ann. § 70-207 (a) provides for objections by counsel to the judge's charge to the jury in civil cases, but the last sentence of subsection (a), 'The provisions in this section shall not apply in criminal cases.'

"Question submitted: As this was a criminal case and not a civil case, did the judge's question as to whether counsel had exceptions to the charge, and their reply that they had none, waive the right of defendant's counsel to enumerate error as to the trial judge's comment to the jury, during his charge, on the failure of defendant to testify? See *Tiller v. State,* 224 Ga. 645 (164 SE2d 137) vis-a-vis *Roberts v. State,* 231 Ga. 395 (1) (202 SE2d 43)."

The foregoing question was certified on April 16,

1975. On April 17, this court decided *Sims v. State,* 234 Ga. 177, where in Division 2 (a) the majority held as follows: "Under the Appellate Practice Act of 1965 as amended (Ga. L. 1965; p. 18, pp. 1072, 1078), an appellant in a criminal case may appeal and enumerate error on an erroneous charge or on erroneous failure to charge without first raising the issue in the trial court. *Spear v. State,* 230 Ga. 74 (195 SE2d 397). The benefits of this rule are not deemed waived by defendant even where his counsel states to the trial judge that he has no objection to the charge of the court."

In reaching the decision in *Sims v. State,* supra, the history of Code Ann. § 70-207 (a), particularly from 1965 to date, was considered, as well as reasons why the principle of express waiver should be applied where criminal defense counsel affirmatively states that he has no objection to the charge of the court. See the dissenting opinion of Hall, Justice.

Other factors were also considered, including the following: (1) If the principle of express waiver were held applicable, then implied waiver (waiver by failure to object to the charge of the court) should, in logic, be equally applicable, except that application of the principle of implied waiver clearly would be contrary to the express provisions of Code Ann. § 70-207 (a).

(2) If the principle of express waiver were held applicable, in response to the trial court's inquiry, "Are there any objections to the charge," defense counsel could and should reply, "Your honor, in the best interest of representing my client, I must respectfully rely upon his rights under Code § 70-207 (a)." Thus, the present benefit to the trial court of hearing such objections as defense counsel now may make, without fear of waiver, would be lost.

(3) If the principle of express waiver were held applicable, the making of such waiver could be made the basis of a claim of ineffective representation by counsel on a subsequent petition for habeas corpus.

Although a majority of this court might prefer the 1966 amendment to Code Ann. § 70-207 (a) (Ga. L. 1966, pp. 493, 498), requiring objections to the charge of the court in all cases, civil and criminal, except as provided in

Code Ann. § 70-207 (c), the General Assembly decided in 1968 that objections to the charge of the court are not to be required in criminal cases (Ga. L. 1968, pp. 1072, 1078).

We find nothing contrary to *Sims v. State* in the two decisions of this court cited in the question certified by the Court of Appeals. *Tiller v. State,* 224 Ga. 645, supra, involved subsection (c) of Code Ann. § 70-207 as opposed to subsection (a). *Roberts v. State,* 231 Ga. 395 (1), supra, involved the trial court's statement to the defendant in the presence of the jury as opposed to the charge of the court.

We acknowledge that both *Roberts* and the case before us involve comment by the trial court upon the failure of the accused to testify. In *Roberts,* the comment was not part of the charge of the court and the principle of implied waiver (failure to object) was held applicable. In this case, however, the comment was a part of the charge of the court and the principle of express waiver is held inapplicable. The difference between the two decisions is that the negative command of Code Ann. § 70-207 (a), to wit: "The provisions of this section shall not apply in criminal cases," is applicable to the charge of the court whereas that command is not applicable to statements made by the court to the accused in the jury's presence but not a part of the charge to the jury.

The fact that the result in this case is contrary to the result in *Roberts,* supra, and the further fact that such contrary results cannot be reconciled by logic, is attributable to the negative command of Code Ann. § 70-207 (a).

The district attorney cites *McCorquodale v. State,* 233 Ga. 369 (2) (211 SE2d 577), for authority that the principle of waiver is applicable to failure to object to the charge of the court. *McCorquodale* held that in the absence of request to charge or objection to the court's omission to charge, it was not error for the trial court not to instruct the jury on the voluntariness of the defendant's confession. See also *Thomas v. State,* 233 Ga. 237 (4) (210 SE2d 675), involving a 1973 murder and robbery, where it was also held that in the absence of request to charge, it was not error for the court to fail to charge the jury on the voluntariness of the defendant's confession.

In addition to *McCorquodale* and *Thomas,* supra, the following decisions should be considered:

In *Tanner v. State,* 228 Ga. 829 (8) (188 SE2d 512), involving a 1971 robbery, it was held that in the absence of request it was not error for the court to fail to charge the jury on impeachment of witnesses.

In *Spear v. State,* 230 Ga. 74 (1) (195 SE2d 397), it was held that in the absence of request it was not error to fail to charge on good character as a defense. In *Spear* this court said: "While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence."

Thus, it appears from *McCorquodale, Thomas, Tanner* and *Spear,* supra, that where a criminal defendant fails to request a charge, or fails to object to the trial court's *omission to charge,* such failure to request or object has been decisive against him.

We have however found no decision of this court, since the 1968 amendment to Code Ann. § 70-207 (a), Ga. L. 1968, pp. 1072, 1078, and none has been cited to us, where it was held that a criminal defendant's failure to object to a charge *given* by the trial court was held to be decisive against him.

There is a distinction between failure to request a charge on some collateral issue in the case and failure to object to *omission thereof* from the charge, on the one hand, and failure to object to the charge of the court *as given* on the other hand. *McCorquodale* noted that distinction. However, that distinction is not presented by the question certified. The question here involves the charge of the court *as given.*

In view of *Sims v. State,* supra, the certified question is answered in the negative.

*Certified question answered in the negative. All the*

*Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only, and Hall, J., who dissents.*

ARGUED JUNE 11, 1975 — DECIDED JUNE 17, 1975.

*Al Bridges,* for appellant.
*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Assistant District Attorney,* for appellee.

HALL, Justice, dissenting.

I dissent for the reasons stated in my dissents to *Sims v. State,* 234 Ga. 177; *Gaither v. State,* 234 Ga. 465 and *Leach v. State,* 234 Ga. 467.

My reading of Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; as amended, Ga. L. 1966, pp. 493, 498; as amended, Ga. L. 1968, pp. 1072, 1078), leads me to the following conclusions:

1. The Code section as a whole or in pertinent part is presently limited to civil cases. In 1968, the former section was superseded in its entirety "making this section apply only to civil cases, and not criminal." Editorial Note, Code Ann. § 70-207. This court was simply mistaken in *Tiller v. State,* 224 Ga. 645 (164 SE2d 137); *Tanner v. State,* 228 Ga. 829 (188 SE2d 512); and *Spear v. State,* 230 Ga. 74 (195 SE2d 397) in applying part of Code Ann. § 70-207 to criminal cases. These rulings plus the holding in *Sims,* supra, have placed the law in its present state of confusion. See also *Jackson v. State,* 234 Ga. 549.

2. There being no statutory procedure on the subject in criminal cases, this court has the inherent power to promulgate a rule to fill the vacuum. I would adopt the rule found in the American Bar Standards, Jury Instructions 4.6, pp. 329-330, which is similar to that found in the federal courts (Rule 30, Federal Rules of Criminal Procedure), the other 49 states, and foreign countries that follow the common law.

3. Even if the first two conclusions are rejected, I am of the opinion that there has been an express waiver under the facts stated in the certified question before us where the trial court turns to the defendant's effective counsel and inquires if there is anything wrong in the charge as given, and is told there is not. As officers of the

court, practicing attorneys have an ethical responsibility to assist the court toward the goal of an error-free trial. Where an attorney sees that the court has erred in the charge, he is, in my opinion, obligated to point that out when asked by the court for exceptions. The holdings in *Sims,* supra, and in this case have the pernicious effect of encouraging counsel to state insincerely to the court that he has no exceptions, and later, in the event of an adverse verdict, to urge on appeal the very error he detected when it was still easily remediable. To me, the rule adopted by the majority erodes both public confidence in the judicial system and the public purse.