## 50142. THOMAS v. THE STATE.

Stolz, Judge.

The defendant was indicted and tried for the murder of his estranged wife and convicted of voluntary manslaughter.

1. The defendant did not testify or offer any evidence in his defense. The trial judge charged the jury, "I charge you that the defendant in a criminal case has the right to take the stand and be sworn as any other witness, or he has an absolute right to remain silent and not testify. I charge you that in the event the defendant elects not to testify in this case, you shall draw no inference whatsoever from his failure to be sworn and to so testify." At the conclusion of the charge, the trial judge inquired if counsel had any exceptions to the charge and received a negative reply. The defendant enumerated as error the charge. The state contended that the defendant had waived any objection by the negative reply to the judge's question. We certified the question of waiver to the Supreme Court. That court, in a comprehensive opinion, held no waiver to have existed. *Thomas v. State,* 234 Ga. 615 (216 SE2d 859). See also *Sims v. State,* 234 Ga. 177 (214 SE2d 902).

2. The charge as given by the trial judge is a correct statement of the law. The issue presented is whether this portion of the charge constituted a "comment" by the court and thus violated that portion of Code Ann. § 38-415 which provides: "The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure." In *McCann v. State,* 108 Ga. App. 316 (132 SE2d 813), it was held that the prohibition against comment applies equally to the trial judge and the district attorney. A charge very similar to the one in issue was given in *Linder v. State,* 132 Ga. App. 624 (3) (208 SE2d 630) and held to be reversible error.

However, in *Woodard v. State,* 234 Ga. 901 (7), the Supreme Court disapproved the decision of this court in *Linder v. State,* supra, and held such comment by the trial judge permissible.

3. The trial judge did not err in failing to charge on insanity in the absence of a timely, written request to do so. "Every person is presumed to be of sound mind and discretion but this presumption may be rebutted." Code Ann. § 26-606. The accused is presumed sane. *Danforth v. State,* 75 Ga. 614, 628 (58 AR 480). The fact that the accused stabbed his estranged wife in a public place in the presence of witnesses is not, in and of itself, sufficient to rebut the presumption of sanity and require the trial judge to charge on insanity as a defense.

*Judgment affirmed. Deen, P. J. concurs. Evans, J., concurs specially.*

ARGUED JANUARY 14, 1975 — DECIDED OCTOBER 17, 1975.

*Al Bridges,* for appellant.
*Richard Bell, District Attorney, Edward H. Kellogg, Assistant District Attorney,* for appellee.

EVANS, Judge, concurring specially.

When I first read this case, it was my impression that the comments of the trial judge respecting the rights of a defendant to testify, or not testify, or remain silent, etc., were erroneous and warranted a reversal and a new trial. I relied on the following cases, to wit: Code Ann. § 38-415; *McCann v. State,* 108 Ga. App. 316 (132 SE2d 813); *Lynch v. State,* 108 Ga. App. 650 (134 SE2d 526); *Wynn v. State,* 230 Ga. 202 (196 SE2d 401); *Linder v. State,* 132 Ga. App. 624 (3) (208 SE2d 630). But on the 5th day of September, 1975, the Supreme Court of Georgia rendered a decision in the case of *Woodard v. State,* 234 Ga. 901, holding that such comments do not warrant the grant of a new trial.

But I still would have felt bound by the older decisions except that Justice Hill wrote an opinion, concurred in by three other members of the Supreme Court, to wit, *Hall v. Hopper,* 234 Ga. 625 (216 SE2d 839) on the 2nd day of June, 1975, in which he states "the full

bench rule" has been repealed, and *stare decisis* is nothing more than a basis of argument!

I had always understood that the *oldest, unreversed full bench decision* by the Supreme Court of Georgia is *controlling, until reversed* by a later *full bench decision.* Code § 6-1611. See *Corley v. City of Atlanta,* 181 Ga. 381, 383 (182 SE 177). And I cut my eyeteeth in the study of law on the proposition that *stare decisis* has the same standing in law that the Ten Commandments have in the Holy Bible. I grew into law with the firm and fixed belief that *precedents* are our beacon-light and guidepost to follow in rendering later decisions. In order to get around an earlier, unreversed, full bench decision it had to be *overruled* by a later full bench decision of the Supreme Court.

But *Hall,* supra (by a split vote of 4 to 3), knocks down "stare decisis" and relegates it to nothing more or less than a *basis of argument.* Of course, if an unreversed full bench decision is not controlling as precedent, then a fortiori, a split-court decision, earlier and unreversed, is not controlling as precedent. And to go one step further, no earlier decision, full bench or split bench, is controlling. Ergo, we no longer are controlled or even guided by precedent.

I quote from Justice Hill's case of *Hall v. Hopper,* 234 Ga. 625, 632 supra, as follows: "Stability and certainty in law are desirable; stare decisis is a valid and compelling basis of *argument. Cobb v. State,* 187 Ga. 448, 452 (200 SE 796). It is not possible, however, to achieve unanimity in every case which reaches this court. When a majority of this court determines that stability must give way to justice to the prisoner, then justice prevails. *The 'full bench rule' has been repealed."* This means that the oldest full bench case need not be overruled—*it may just be disregarded!*

I arise to politely inquire "When was the full bench rule 'repealed' — by whom and with what authority?" Other than this 4 to 3 split decision, I am unaware of its having been repealed.

Let every lawyer in Georgia wake up and study and consider this holding very carefully! "The full bench rule has been repealed!"

And the irony of the situation is that *less than a full bench* (this decision by Justice Hill was a 4 to 3 split-court decision) has assumed the authority to repeal the "full bench rule." Did 4 members of the Supreme Court of Georgia have such authority? To the lawyers of Georgia I say: "Think about it long and carefully, and wonder whither we are drifting in these enlightened days; when the restraint of precedent and full bench decisions are thrown aside and trampled under foot!" Let's all realize that henceforth "stare decisis" is like a train ticket — good for this date and this train only; tomorrow will be a new day and we will need a new ticket and we will not be bound by what a full bench decided yesterday or one hundred years ago.

Since the *Hall v. Hopper* case, written by Justice Hill, albeit a split decision (4 to 3), we must assume that the *latest decision* binds and not the *earlier decision*. In other words, *stare decisis* is out-moded, passe, impotent; it served well in its day and generation, but that day and generation has gone with the wind.

As the lawyer studies his case and prepares his brief for presentation to the Appellate Courts of Georgia, what guideline or rule has he to go by? Is there any precedent upon which he may rely, other than the statutes of Georgia — and how does he know that these statutes may not *this time* be construed exactly opposite the way they have been construed since 1850, when the Supreme Court of Georgia first began to function?

I therefore reluctantly concur with the majority in this case, being bound by a 4 to 3 decision of the Supreme Court of Georgia that I consider to be clearly, totally, completely, and absolutely wrong.