## 62371. CARPENTER v. THE STATE.

POPE, Judge.

Lucy Lee Carpenter was convicted of three counts of burglary. Her sole enumeration on appeal cites as error the trial court's charge as to an explanation of her recent possession of stolen property. She contends that the charge was impermissibly burden-shifting because she did not, in fact, testify in her own behalf and because the trial court did not charge the jury that her failure to testify could not be used by them as an inference of guilt.

The trial court gave the following charge: "If you should find and believe beyond a reasonable doubt that the premises in this County alleged in the indictment to have been burglarized were, in fact, burglarized within four years prior to the return of this indictment into Court, that the burglar intended to commit a theft and that there is evidence convincing you beyond a reasonable doubt that the property or any part thereof shown to have been taken in the course of such burglaries from said premises was found recently thereafter in the possession of the defendant, then and in that event, you would be authorized to consider that circumstance and give it such weight as you deem proper as to whether or not it established that she was the person who burglarized said premises. The mere fact that you may believe beyond a reasonable doubt that a burglary of such premises has been established, or that the accused did have possession of any part of such property would not be sufficient to find the defendant guilty unless you are also satisfied beyond a reasonable doubt that she was the person that burglarized the premises in question or was a party to it, and that she was, in fact, in possession of such property. *I charge you that if the defendant has explained her possession, if any, of such property satisfactorily to you jurors, then no reference* [sic] *harmful to her would thus be drawn by you.*"

Defendant did not testify at her trial. She contends on appeal that the emphasized portion of the foregoing charge, when read in light of the trial court's failure to charge that the jury was not to infer guilt from her failure to testify on her own behalf, shifted the burden of proving each and every element of the crime charged from the state to her.

The evidence was undisputed that defendant was found in possession of property which had been stolen in the subject burglaries. " 'The possession of recently stolen goods, unaccounted for, raises an inference that the possessor is the one who stole the goods, and if the accused does not want this inference to arise in his case, he must account for his possession. [Cits.]' *Aiken v. State,* 226 Ga. 840, 844 (178 SE2d 202) [(1970), cert. denied, Aiken v. Georgia, 401 U. S. 982 (1971)].

"Charges on this rule of law, in language similar to that complained of here, have been approved many times by the appellate courts of this State. [Cits.]

"As stated in *Aiken v. State,* supra [at] 845: 'It was not erroneous to charge this principle, where the evidence showed the possession of stolen property, even though the [defendant] did not account for [her] possession by evidence . . . [Cit.] The charge cannot properly be construed as being a comment on the [defendant's] failure to testify . . .' " *Horton v. State,* 228 Ga. 690, 692 (187 SE2d 677) (1972). See also *Scott v. State,* 233 Ga. 815 (213 SE2d 676) (1975). Moreover, the charge in this case, when read as a whole, created merely a permissible inference of guilt and was not, therefore, burden-shifting. *Parrish v. Hopper,* 238 Ga. 468 (1) (233 SE2d 161) (1977); *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251) (1975); *Carpenter v. State,* 140 Ga. App. 368 (2) (231 SE2d 97) (1976).

Finally, in the absence of an appropriate written request, the trial court did not err in failing to charge that defendant had a constitutional right not to testify and that no inference of guilt could be made as a result of her decision not to testify on her own behalf. *Woodard v. State,* 234 Ga. 901 (7b) (218 SE2d 629) (1975); *Stephens v. State,* 157 Ga. App. 414 (1) (278 SE2d 70) (1981). Compare Carter v. Kentucky, 450 U. S. —— (101 SC 1112, 67 LE2d 241) (1981).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 19, 1981.

*William W. Keith III,* for appellant.
*Stephen A. Williams, District Attorney, Michael C. Cherof, Assistant District Attorney,* for appellee.