72642. TAYLOR v. THE STATE.
(347 SE2d 363)

BIRDSONG, Presiding Judge.

The defendant, Larry Taylor, appeals his conviction of two counts of burglary. Tom McKenzie, the owner of Custom Radio in Columbus, Georgia, received a telephone call from his burglar alarm answering service early on the morning of March 15, 1985. He found that a window had been broken out and a showcase had been broken into. Officer Melvin Cooper was called to Custom Radio at about 2:50 a.m. on the morning of March 15, 1985, and processed the broken showcase for fingerprints. He obtained two sets of fingerprints, two prints from the showcase and one set from a box that had previously been inside the showcase. Upon his return to headquarters that morning, he "was able to locate the defendant's, Larry Taylor's rolled fingerprints that were on file in Police Headquarters" and the prints taken from Custom Radio matched those on defendant's card.

While on patrol at 2:30 a.m. on the morning of March 15, 1985, Officer Robert Lynn received a call of a burglary at the Lee Drug Company. When he arrived at the store, he saw the defendant removing a merchandise cart through the door of the store. One cart was already on the sidewalk outside the store and defendant attempted to flee with both carts, pushing one and pulling one. Defendant was arrested. The articles in the carts had Lee Drug Company price tags on them.

Defendant's counsel moved for a mistrial on the basis of the officer's reference to the defendant's fingerprint file at police headquarters. The motion for mistrial was denied and following his conviction, defendant brings this appeal. *Held:*

Defendant contends it was prejudicial error to admit in evidence the fact his fingerprints were on file in the police station as this was equivalent to evidence of a "prior criminal record." We do not agree. First, there is nothing in the officer's statement to indicate that the prints referred to were not taken from the defendant following his arrest earlier that day. Secondly, even if it is assumed the fingerprints were on file from an earlier date, our Supreme Court has held that similar evidence has not placed defendant's character in evidence: i.e., "we had a Terry Knight so we went to . . . our I. D. Department"

(*Knight v. State*, 243 Ga. 770, 775 (257 SE2d 182)); "[a]fter I checked his record" (*Ogles v. State*, 238 Ga. 716 (235 SE2d 384)); the detective knew defendant from a "previous deal" (*Brown v. State*, 237 Ga. 467 (1) (228 SE2d 853)); the defendant's photo "came from the G. B. I. office" (*Fleming v. State*, 236 Ga. 434, 439 (224 SE2d 15)); "pictures of [defendant] from our file" (*Woodard v. State*, 234 Ga. 901, 902 (218 SE2d 629)); "mug shot" (*Creamer v. State*, 229 Ga. 704, 708 (194 SE2d 73)); "his picture had previously been taken and was in a rogues' gallery" (*Tanner v. State*, 228 Ga. 829, 832 (188 SE2d 512)). We view the reference to defendant's fingerprints on file at the police station as the same genus as photographs.

The granting or refusing of a motion for mistrial is a matter largely within the discretion of the trial court, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the trial judge's discretion will not be interfered with on appeal. *Ladson v. State*, 248 Ga. 470 (12) (285 SE2d 508). In view of the evidence of guilt of defendant, and absence of any statement that defendant's fingerprints were not taken that morning following his arrest, we find no abuse of discretion. See *Tanner*, supra (4).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED JULY 7, 1986.

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney*, for appellee.